1 U.S. 248
 1 Dall. 248
 1 L.Ed. 122
 Wallace surv. part.
v.
Fitzsimmons sp. bail.
 No. ____.
 Court of Common Pleas, Philadelphia County
 March Term, 1788
 
 1
 The case was this: Hoe and Harrison of Virginia being indebted to Wallace and Smith, Wallace, as surviving partner of Smith, issued a foreign attachment against them, and attached their effects in the hands of Fitzsimmons. Judgment was obtained on this attachment at the third term; and, afterwards, Fitzsimmons entered special bail. The cause then proceeded, till judgment was finally obtained against Hoe and Harrison, and upon the return of a Ca. Sa. non sunt invemerunt, an amicable Scire Facias was entered against Fitzsimmons, judgment was thereupon obtained, and an execution issued, for the whole sum recovered against the principals in the original suit. It appeared, that during these proceedings, the executor (who was also the brother) of Smith, the deceased partner, applied to Fitzsimmons, and forbade his paying more than one half of the money to Wallace; offering an indemnification for the payment of the rest to him, and alledging that the Partnership was considerably indebted to the estate of the deceased. Fitzsimmons accordingly gave notice of this application to Wallace, and afterwards, paid one half of the money to the executor; although a letter from him to Wallace was produced, in which he had declared, that he would not pay it either to him or to Smith, but that the law should take its course, and determine the right between the executor and the partner.
 
 
 2
 A rule was obtained, which in the argument, the counsel consented to consider, either, as a rule to show cause why on paying to the Plaintiff L. 715. (being one half of the sum recovered from Hoe and Harrison) the proceedings on the execution should not be staid: or, as a rule to show cause, why the execution should not be set aside, and the judgment opened, in order to let the Defendant into a trial on the plea of payment.
 
 
 3
 On this rule, two questions were brought before the Court: 1st, In point of fact, whether Wallace had acquiesced in the payment to the executor? and 2ndly, in point of law, whether the payment to the executor did not discharge Fitzsimmons from the demand of the surviving partner?
 
 
 4
 The Defendant's counsel endeavoured to show, that Wallace's silence, after he was informed of the executor's claim, amounted to an acquiescence in the payment; and, consequently, that Fitzsimmons, who was an innocent stake-holder, ought not to be made liable for the repayment of the money. 4 Burr. 1985. 2 Ld. Raym. 1210. Bull. L. N. P. 133.
 
 
 5
 But as this argument, in point of fact, did not seem to be supported by the testimony, they contended, that, in point of law, the payment of a debt to the executor, or other representative of a deceased Person, was a good payment; and that the Courts of Justice would not unravel it, in an action by a surviving partner to compel a second payment of the same debt. In this case, they said, it was to be presumed the deceased did not die insolvent, because he had left a will; and whatever property he was worth, after payment of his debts, the executor, who was also his heir at law, was clearly entitled to receive. They allowed that the surviving partner was the proper person to collect the joint credits; but urged, that, when they were collected, he became merely a trustee for the executor, or next of kin; and hence, they inferred, that if there was really a balance on the company accounts in favor of the deceased partner, a strong principle of equity interposed, that his representatives should not be compelled to take a circuitous route to obtain it; more particularly, when it must affect the interest of a third person.
 
 
 6
 But it was answered for the Plaintiff, that this was the first instance in which it had been suggested, that an executor of one partner could, in this way, settle the partnership accounts. The law, which makes the surviving partner liable for the joint debts, by a necessary consequence, gives him the exclusive control over the partnership effects, and every action, founded on a joint transaction, must be brought in his name. The general rule, indeed, with respect to joint owners, is, that the interest itself shall survive; but, in the case of partners in trade, it is only the right of action, and not the interest, to which the survivor is entitled. This right, however, is essential to justice, and for the benefit of commerce; for, the inconveniency would be inconceiveable, if, upon every suggestion of a balance due to a deceased partner, it was incumbent on the survivor to travel info all the circumstances of the company. In the action between M'Cartey, surviving partner of Cummings, against Nixon, it appeared that the Defendant had administered on the estate of the deceased partner, and retained the company effects for a seperate debt due to him from Cummings; but the Supreme Court determined that the administrator, in that case, had no right to retain; and that he must resort to his action of account render against M'Cartey, in order to obtain satisfaction from the joint stock.
 
 
 7
 With respect to the presumed acquiescence of Wallace, it was observed that the evidence contradicted the presumption; and that, independent of every other consideration, Wallace's continuing to prosecute the suit, amounted to a prohibition. There is, therefore, no fact upon which the cause could be submitted to a Jury; whether the payment to the executor is good, or not, being a matter of law.
 
 
 8
 Shippen, President.
 
 
 9
 It may probably be a hardship upon the Defendant, but he has certainly made himself liable to the Plaintiff's demand. A payment to an executor, or administrator, can be no satisfaction to a surviving partner, who has the sole right of suing for, and of receiving the monies, due to the company. The point of law is, therefore, exceedingly clear. Nor can we in this manner attempt to investigate the partnership accounts.
 
 
 10
 With respect to the point of fact, it does not seem to be at all established. If, indeed, the acquiescence of the Plaintiff had been proved, we should have thought it a proper subject for a Jury to determine. But, as the matter stands, we must leave the Defendant to this consolation, that, even if he has not already taken an indemnification, he may recover the money back from the executor, having paid it in his own wrong.
 
 
 11
 The rule discharged.
 
 
 12
 Lewis, for the Plaintiff. Wilson and Rawle, for the Defendant.