ALBANY,
Oct. 1826.

Murray
v.
Mumford.

MURRAY *against* MUMFORD.

DETINUE, for certain books of account ; tried at the *New-York* circuit, *April* 15th, 1824, before EDWARDS, C. Judge ;

When it appeared, that *Murray*, the plaintiff, and one *J. P. Mumford*, were partners in trade, under the firm of *Murray & Mumford*. That their partnership was dissolved in 1806, by mutual consent, *Mumford* retaining possession of the books of account, and choses in action belonging to the firm, for the purpose of settling the partnership concerns. He subsequently died ; and this action was brought by the plaintiff, as surviving partner, to recover possession of the books belonging to the firm. They were admitted at the trial, to be in possession of the defendant, the administrator of *J. P. Mumford;* but

The judge nonsuited the plaintiff, on the ground that, by the dissolution of the partnership, before the death of *Mumford*, the partners became tenants in common of the books ; and that, therefore, the plaintiff was not entitled, as survivor, to the exclusive possession of them.

The plaintiff excepted ; and a motion was now made, on the bill of exceptions, to set aside the nonsuit, and for a new trial.

*H. D. Sedgwick* and *R. Sedgwick*, for the plaintiff, cited *Wallace* v. *Fitzsimmons*, ( 1 *Dal.* 248, 250 ;) *M'Cartey* v. *Nixon*, (2 *Dal.* 65, *note* ;) and *Gow on Partnership, Am. ed.* 312.

*J. Bulkley*, contra, cited 1 *East*, 367 ; *id.* 366, *note ;* 1 *Ld. Raym.* 340 ; 1 *Madd. Ch.* 177 ; 1 *Ves. sen.* 242, 3 ; 5 *Ves. jun.* 539 ; 8 *Vin. Abr.* 25.

On the death of one partner, all the debts, and other choses in action, with the books and evidences of debt, as incidents, survive, and belong exclusively to the surviving partner, who must collect debts, and is liable to suits for debts in his own name alone ; subject, however, to account for the partnership property to the representatives of the deceased partner.

And so, tho' the partnership be dissolved by mutual consent, during the lifetime of the deceased partner.

And, in either case, the survivor may maintain detinue against the representative of the deceased partner, for the books of account, and other evidences of debt.

The dissolution of a partnership by mutual consent, does not, *ipso facto*, render the partners mere tenants in common of the books and other choses in action belonging to the firm.

The partnership still continues, for the purpose of collecting and paying debts ; with all the incidents belonging to that relation.

*Curia, per* SUTHERLAND, J.    A dissolution of a part-
nership does not, I apprehend, *ipso facto*, destroy the joint
tenancy of the partners in the partnership property, and
create a tenancy in common.    They are still partners, for
the purpose of settling the partnership concerns ; and un-
til that is effected.    For that purpose, the partnership may
be said still to continue, with all the incidents belonging
to that relation.    (11 *Ves.* 5.    16 *Ves.* 57.    1 *Swanston*,
480, 507, *note a.*    15 *Ves.* 227.)    In *Wood* v. *Braddick*,
(1 *Taunt.* 104,) *Heath*, J. says, " It is a very clear prop-
osition, that when a partnership is dissolved, it is not dis-
solved with regard to things past, but only with regard to
things future."

Suppose, which is alleged to be the case, that at the
time of *Mumford's* death, there were still debts due to
and from the firm ; could the representatives of *Mumford*
sue, or be sued with the surviving partner, for those debts ?
Most clearly not.    The action must be brought by and
against the surviving partner alone.    The case of *Smith
and others, assignees, &c.* v. *Stokes*, (1 *East*, 363,) reli-
ed on by the defendant's counsel, is entirely different from
this, and depending upon a different principle.    That was
an action of trover brought by the plaintiffs, as assignees
of one *Richardson*, a bankrupt.    *Richardson* and one
*Strickland* were partners in trade.    On the 29*th* of *Janu-
ary*, 1800, *Richardson* committed an act of bankruptcy.
On the 31*st* of the same month, the goods for which the
action was brought, being partnership property, were re-
ceived by the defendant, *Stokes*.    On the 8*th* of *Februa-
ry*, a commission of bankruptcy issued against *Richardson*.
On the 14*th* of the same month, *Strickland*, the other part-
ner, died, making *Stokes*, the defendant, his executor.
On the 7*th* of *March*, the commissioners, under the com-
mission of bankrupt against *Richardson*, executed an as-
signment of his effects to the plaintiffs, who brought the
action against the executor of the deceased partner.    It
was held that the action would not lie : that though the
assignment under the commission was not made until af-
ter the death of *Strickland ;* yet, when made, it took ef-

fect by relation, from the time of the act of bankruptcy of *Richardson*, which was before ` Strickland's` death : that the assignees, of course, became tenants in common by relation from that time with *Strickland*, in his life time, and, since his decease, with his representatives, of whom the defendant was one.   Then the familiar principle, that one tenant in common cannot, (except under special circumstances,) sustain trover against another, applied.   The partnership was dissolved by the act of bankruptcy, and the assignees became not partners, but tenants in common with the other partner, in the partnership property.   It was the same as if the interest of the bankrupt partner had been sold upon execution, and purchased by the plaintiffs.,   The sale would have produced a termination of the partnership as to him, and the vendee would not have become a partner, but a tenant in common with the other partner.   (*Sayer* v. *Bennet*, 1 *Mont. on Partn.* 17, *notes. Gow on Partn.* 285.)

This case, therefore, stands precisely as it would have done, if the partnership of *Murray* and *Mumford* had continued until *Mumford's* death ; and it is unnecessary to cite authorities, to show that, in such a case, the surviving partner is entitled to all the choses in action, and other evidences of debt belonging to the firm.   They must be collected in his name ; and he is entitled to the exclusive custody and control of them.   The books of account are incidents to the debts or choses in action ; and whoever is entitled to the one is, of course, to the other.   The right of action, in relation to all partnership demands, is transferred to the surviving partner.   But he is liable to account to the representatives of the deceased partner, for his share of the partnership property.   (*Gow*, 157.   7 *Mass. Rep.* 257.   1 *Dall.* 248.   2 *Dall.* 65.   5 *Serg*t. *& Rawle*, 86.   1 *Ld. Raym.* 340.   *John. Dig. Partnership*, iv. *Watson on Partn.* 364.   *Salk.* 444.)

The nonsuit must, therefore, be set aside ; and a new trial be granted.

New trial granted.