## Farmer's Bank *against* M'Kinney.

An action of trespass will not lie against a plaintiff for suing out a *capias* and arresting a freeholder for debt. If it be maliciously sued out, and with a design to oppress the defendant, an action on the case is the proper remedy.

ERROR to the common pleas of *Dauphin* county.

John M'Kinney against the Farmer's Bank of Reading. Action of trespass *vi et armis*.

The Farmer's Bank of Reading, having a claim against John M'Kinney, issued a *capias* against him requiring bail in 6000 dollars. The defendant was arrested and imprisoned until he was discharged on a writ of *habeas corpus*, on the ground that he was a freeholder, and not liable to arrest, under the act of 1724—5.

The plaintiff below established the fact that he was a freeholder in the county of Susquehanna; that his freehold was unincumbered; and that he sustained special damage by reason of the arrest.

The defendant, at the outset of the trial, objected to the plaintiff giving any evidence, because the action of trespass could not be supported; but the court below was of different opinion, and the plaintiff recovered. The cause was finally determined upon this point alone.

*Johnson*, for plaintiff in error, cited, 3 *Serg. & Rawle* 142; 2 *Bl. Rep.* 1190; 2 *Day* 671; 12 *Co. Rep.* 100; 10 *Law Lib.* 1 to 6; 1 *Penn. Rep.* 235; 2 *Durnf. & East* 230; 6 *Mod.* 53; 1 *Chitt. Pl.* 168.

*M'Kinney* and *Fisher*, contra, cited, 1 *Dall.* 348; 3 *Wils. Rep.* 341; 1 *Chitt. Pl.* 48; 3 *Stark. Ev.* 1447; 2 *Taunt.* 400; 6 *Serg. & Rawle* 343; 1 *Lev.* 95.

The opinion of the Court was delivered by

ROGERS, J.—The act of the 20th of March 1724—5, entitled "an act to regulate the practice upon writs of summons and arrest," exempts freeholders of a certain description from arrest in a

[Farmer's Bank v. M'Kinney.]

civil action. In the third section it is declared, that if any freeholder exempted from arrest by virtue of the act shall *happen* to be taken by any writ of arrest, the court where said writ is depending shall forthwith, upon the defendant's notice, stay all further proceedings against him till they examine his circumstances; and if they find he is such as by the act is intended to be exempted, the court shall, of their own accord, abate the writ and allow the defendant 30 shillings cost, &c., to be collected by attachment. This section provides for an arrest made under a mistake, as is evident from the phraseology of the act, "if he shall happen to be arrested," which negatives the idea of malice or design, and makes it the duty of the court to grant, of their own accord, immediate relief to the party aggrieved by abating the writ; and moreover mulcts the party procuring the arrest in costs. This, the legislature supposed, would be an ample protection to freeholders, by securing them from illegal arrests; and in those cases where arrest proceeds from ignorance or mistake it will doubtless have the desired effect. We cannot, therefore, believe that, in addition to the penalties imposed by the act, it was intended, also, that the party should be subject to an action for damages. The case supposes that a debt was due, or was thought to be due; and that no circumstance of malice or design to oppress exists. And this construction derives force from the fourth section, which subjects to a fine not exceeding 10 pounds justices and clerks of the court, and practitioners at law, who may contemn the act by *wilfully* proceeding contrary to its provisions. The two sections take the distinction between an arrest ignorantly and designedly made. But when the party procuring the arrest does so maliciously and with design to oppress, he is, we conceive, not only obnoxious to the penalties imposed by the act, but also a suit by the party aggrieved will well lie, and this upon general principles of policy and justice. Granting, then, that this is the case of a malicious arrest, the question will be, what is the appropriate remedy, trespass or case? The action is substantially for the malicious arrest of a freeholder who is exempted by law from arrest—a wilful violation of a positive act of assembly. The malicious intent is the gist of the action. If trespass would lie as the consequence of the arrest, then the action would be sustainable, whether the arrest was made in ignorance of the fact that the defendant was a freeholder or with a design to use the process of the court to oppress him. The design or intention of a wrongdoer in trespass matters not; for when the act occasioning an injury is originally unlawful, although committed inadvertently with the assent or concurrence of the mind, and the injury occasioned by it be *immediate,* trespass is the proper remedy, without reference to the intention of the defendant. 2 *East* 107; 6 *East* 464; 8 *Term Rep.* 190. In a number of instances it would be next to impossible for the creditor to ascertain whether the debtor was an exempt or not; and as this is a personal privilege, the creditor ought not to be liable to an action unless under circumstances of oppression or wilful

wrong. When a personal privilege is infringed, as, for instance, in the arrest of an attorney or peer of the realm, case is the proper remedy. The true criterion between trespass and case is, whether the injury is immediate or consequential. For injuries arising from regular process of a court of competent jurisdiction, case is the proper form of action; and trespass does not lie as for a malicious arrest or for a malicious prosecution. Bell *v.* Broadhurst, 3 *Term Rep.* 185; Johnston *v.* Sutton, 1 *Term Rep.* 535; 11 *East* 297; 1 *Camp.* 295; 2 *Chitty's Rep.* 204. But when the process is irregular, and by this is meant a void process, trespass is the proper form; as when a justice of the peace maliciously and irregularly grants a warrant against a person for felony without an information on oath, the remedy is in trespass, and case does not lie. Morgan *v.* Hughes, 2 *Term Rep.* 228. The general distinction is thus stated. When the immediate act of imprisonment proceeds from the defendant, the action must be trespass, and trespass only; but where the act of imprisonment by one person is in consequence of information from another, then an action on the case is the proper remedy, because the injury is sustained in consequence of the wrongful act of that other. The reason trespass lies where one maliciously sues out a commission of bankruptcy is because the commissioners have no jurisdiction, in which case trespass is sustainable, provided the injury be forceable and immediate. 2 *Wils.* 145, 382; 1 *B. & C.* 163. The application of these principles conclusively shows that case is the proper remedy. The jurisdiction of the court is not denied; nor can the imprisonment be viewed as the immediate act of the defendant, but as the consequence of information derived from him; and, moreover, the process is not irregular and void, for the defendant may forfeit his privilege by submitting to an arrest, as is held in Bernold *v.* Field, 1 *Dall.* 248.

As the opinion of the court on this point disposes of the whole case, it becomes useless to examine the other errors which have been assigned.

Judgment reversed,