BURRAGE YALE *vs.* JOSHUA N. EAMES & another.

Under an authority, though by parol only, given to one partner by the others, after a dissolution of the partnership, to sell a negotiable note made to the firm before dissolution, he may indorse such note, " without recourse," in the name of the firm.

ASSUMPSIT by an indorsee against the makers of a promissory note. The facts of the case appear in the opinion of the court.

*S. Hoar* and *L. Williams*, for the plaintiff, cited *Murray* v. *Mumford*, 6 Cow. 441. *Smith* v. *Winter*, 4 Mees. & Welsb. 454. *Valentine* v. *Piper*, 22 Pick. 92.

*Buttrick*, for the defendants, cited 1 Campb. 281, *note* (b.) *Abel* v. *Sutton*, 3 Esp. R. 108. *Foltz* v. *Pourie*, 2 Desaus. 40. *Sanford* v. *Mickles*, 4 Johns. 224. *Ramsbotham* v. *Cator*, 1 Stark. R. 228.

SHAW, C. J. The case upon the facts stands thus : During the existence of the firm of Gay & Bird, the note now in suit was made payable to the firm, or their order, by their partnership name. It so stood when they dissolved. After the dissolution, both partners occupied the same counting-room, and had access to the books and papers of the late firm. Application was made to one, in the absence of the other, to purchase this note, and a price was offered. The party applied to consulted

with his partner, and he consented to the sale of it upon the terms proposed, but nothing was said about indorsing it.  In pursuance of this assent, the partner first applied to, on receipt of the stipulated price, indorsed the note to the plaintiff, in the name of the late firm, " without recourse."  It is contended that this indorsement did not vest such legal title in the plaintiff as to enable him to maintain an action in his own name.

It is undoubtedly a general rule of law, that after dissolution, one partner cannot indorse negotiable instruments, so as to bind the other partner.  *Sanford* v. *Mickles*, 4 Johns. 224.  The rule was established mainly with a view to secure the firm against any new engagements, to be entered into by one of the partners after dissolution.  *Abel* v. *Sutton*, 3 Esp. R. 108.  But though the beneficial interest in all property and choses in action becomes several by dissolution, yet to many purposes the legal title remains joint, until an actual collection of the debt or disposal of the property.  If one die, the whole legal title vests, by survivorship, in the other ; and a suit must be brought in his own name, without joining the representatives of the deceased. *Murray* v. *Mumford*, 6 Cow. 441.  But the rule, as before stated, is made for the protection of partners after dissolution. During the continuance of the partnership, partners have an unlimited power to bind each other by negotiable and other contracts. This power is *de facto* revoked by a dissolution.  But they may waive a rule made for their benefit ; and therefore if they consent to a limited continuance of the partnership, or to specific acts in the partnership name, they are bound thereby.  And this authority or consent may be given by parol. *Smith* v. *Winter*, 4 Mees. & Welsb. 454.  We think this rule renders the indorsement in this case valid.  After dissolution, both partners agreed that a note, payable to them, as partners, or their order, for a valuable consideration, should be sold and transferred to another ; and one of them afterwards received the price, and indorsed the note, " without recourse," thereby excluding the responsibility of the payees, as indorsers.  Though nothing was said about indorsement, the court are of opinion, that an authority to sell for a valuable consideration carries with it, as incident, an

authority to make such title, as the vendors have the power of making, to the vendee, without any new stipulations contrary to the terms of sale and the intention of the parties. It comes within the reason and spirit of the rule, that an authority to sell real estate vests the attorney with power to execute such deeds as will effectually vest the estate in the vendee, entering into no new or special covenants. *Valentine* v. *Piper*, 22 Pick. 92. The indorsement, in the present case, precisely conformed to these conditions ; it vested the legal title in the vendee, without creating any new obligation upon the indorsers. It is therefore an indorsement by one partner in the name of the firm, with the consent and authority of the other. It is the legal act of both, and transferred the legal title and interest in the note to the plaintiff.

*Judgment for the plaintiff.*