KINGS COUNTY—HON. JESSE C. SMITH, SURROGATE—May, 1853.

## WARING v. WARING.

On an application that the executors file an inventory, and give security for the due administration of the estate, a motion for an order that the executors deposit with the surrogate the books of a copartnership composed of the deceased and one of the executors, so as to enable the next of kin to ascertain the amount of the interest of deceased in such copartnership, will not be granted.   The surviving partner being entitled to the custody of the books of the firm, ought not to be compelled to give them up.

A. F. WARING *and* A. CRIST, *for the Complainants.*

JOHN A. LOTT, *for the Executors.*

THE SURROGATE.—The application in this case was by petition for two purposes.

One, that the executors file an inventory; and the other, that the circumstances of the executors were so precarious as not to afford adequate security for their due administration of the estate.

An answer to the petition was filed by both executors, denying most of the allegations on which the application is founded, and a replication has been put in to the answer.

In this stage of the proceedings, a motion is made by the petitioners for an order to compel the executors to produce and deposit for inspection in the surrogate's office, the books of account of the late firm of Henry Waring & Son, which consisted of the deceased and his son Henry P. Waring, one of the executors.

It is alleged in the petition, that the deceased and his said copartner had previous to, and up to the time of the death of the testator, been engaged in mercantile business under said firm-name; that the executors refused to permit the appraisers to examine the books and effects of the firm; that the executors presented to the appraisers a paper in which they stated the interest of the deceased in said firm to be about $1,000; that Henry P. Waring, one of the executors, has entered or caused to be entered, on the copartnership books, accounts and charges against the deceased to the amount of several thousand dollars; that the petitioners are unable to give the particulars of the charges, for the reason that said books and accounts are under the exclusive control of said Henry P. Waring; that said several thousand dollars has been improperly charged, and the petitioners are informed and believe, that upon a settlement of the accounts of the late firm, Henry P. Waring will be found greatly indebted and in arrear to said estate.

Upon this state of facts, the most of which are denied by the answers of the executors, the petitioners ask to have the books of account of the late firm deposited in court for examination, for the purpose of enabling the petitioners to show that Henry P. Waring is a large debtor to the firm, or to the estate of Henry Waring, deceased.

Under the powers conferred by 2 *Rev. Stat.*, 220, and the amendments thereto made by the law of 1837, the surrogate may direct and control the conduct of executors to the extent claimed by the petitioners, when the question is so presented to him that it would become properly incidental and necessary to carry out a proceeding authorized by law. It may be that the establishment of an indebtedness from Henry P.

Waring to the estate, would tend to prove the issue raised in this matter : that the circumstances of the executors are so precarious as not to afford adequate security for their due administration of the estate. But it does not appear to me so important and necessary to that purpose, as in this collateral proceeding to require an investigation of the state of the accounts between Henry P. Waring and the late firm of Henry Waring & Son.

2 *Rev. Stat.*, 221, § 6, does not sustain nor give weight to the claim set up by the petitioners. The power there given to the surrogate is clearly confined, in subdivision 1, to the production of papers material to any inquiries pending in the Surrogate's Court by subpœna. No other reading can be made of this subdivision. But, independent of, and aside from, these considerations, it appears to me that there is another insuperable objection to this application in this form. Henry P. Waring is the surviving partner of the late firm of Henry Waring & Son. As such surviving partner, he "is entitled to all the choses in action, and other evidences of debt belonging to the firm. They must be collected in his name, and he is entitled to the exclusive custody and control of them. The books of account are incidents to the debts and choses in action, and whoever is entitled to the one, is, of course, to the other." (*Murray* v. *Mumford*, 6 *Cow.*, 441.)

He is the trustee for the creditors of the firm, and the debts of that firm must first be paid before any thing can come to the estate of Henry Waring, the deceased partner. Should, then, the books of account be taken from the custody of the surviving partner upon a proceeding like this? In a proper proceeding, and on a proper application, where the examination of these books of account would be clearly material to the inquiry in issue, they should be produced before the court. But I cannot think that it would be proper at this time, and upon this issue in its present condition, and upon an application in this form, to order these books to be deposited in court.