When the copartnership ceases, the copartners cease to be the agents of one another, and have no power to act for or bind each other. This, however, is true only in respect to future transactions. For the purpose of winding up the affairs of the concern, and executing agreements which could not be fulfilled during the existence of the firm, the partnership subsists after dissolution, and the necessity for the existence of this limited power by one partner to act for and bind the other, is as great as ever. "There may be a partnership where, whether the parties have agreed for the determination of it at a particular period or not, engagements must, from the nature of it, be contracted which cannot be fulfilled during the existence of the partnership, and the consequence is, that for the purpose of making good their engagements with third persons, it must continue. And then, instead of being as it was, a general partnership, it is a general partnership determined, except as it still subsists for the purposes only of winding *Page 474 
up the concern." (Opinion of Lord ELDON in Crawshay v.Collins, 15 Ves., 227.)
The counsel for the appellants assumes that the debt or obligation in this case was created after the dissolution. This is an error. The defendants were copartners in the business of selling lumber upon commission, in the city of Albany. During the continuance of the firm, they received from the plaintiff and his assignor, certain lumber to be sold in the usual course of their business. Upon the credit of the property, they advanced the sum of $100. The contract was made and the money advanced in March, 1850. In May and July of the same year, the lumber was delivered. The firm was dissolved, by mutual consent, on the first of July, which was known to the plaintiff in the latter part of the same month, but whether before or after the delivery of the last portion of the lumber, does not appear. Indeed, it is not material, for the contract was made with the firm, and it was in process of execution at the time the dissolution was effected. The business was continued by Vose alone. At the time of the dissolution the sales did not exceed $100, and upon an account stated at that time there would be nothing due to the plaintiff. The defendants were not the mere agents of the plaintiff. They were much more, They were joint contractors with him to receive his lumber into their own possession, sell it, and account to him for the proceeds. The contract was made with the firm before the dissolution and for aught that appears in the evidence or the facts found by the referee, it was executed on the part of the plaintiff, by the delivery of the lumber, before he became aware of the dissolution. The duty and obligation, therefore, which the defendants owed to the plaintiff in respect to the lumber, was incurred before the dissolution. It was one of those transactions in respect to which the partnership still subsisted, and the power of one partner to bind the other remained in full force. Either partner had authority to sell the property, *Page 475 
after the dissolution, and collect the proceeds of the sales; and in so doing, he acted not only for himself, but also as the agent of him who was his copartner. It is manifest, after the contract was consummated and the property delivered, that the defendants could do no act, without the concurrence of the plaintiff, to modify, or relieve themselves from, their obligation to sell and account for the proceeds of the lumber. The credit given to the defendants and the confidence reposed in their ability by the plaintiff, must be taken to be an essential element of the contract. He did not confide in Vose alone; it was to both Vose 
Briggs that he intrusted his property, and whatever may have been the effect of the dissolution in respect to themselves, their duty and obligation to the plaintiff remain unchanged. (2 Kent'sCom., 63; Coll. on Part., 118, 121; Murray v. Mumford, 6Cow., 441; Godfrey v. Saunders, 3 Wils., 114; Willet v.Chambers, Cowp., 814; Wells and others v. Ross, 7 Taunt.,
403.)
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed