NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—Oct., 1885; Feb., 1886.

CAMP *v.* FRASER.

*In the matter of the estate of* JOHN H. FRASER, *de-
ceased.*

There is a grave doubt as to the right of appraisers of the property of a de-
cedent to interfere with the assets of a partnership of which he was a
member, or to demand the production or exhibition thereof, for the pur-
posé of including a statement of the decedent's interest, in the inven-
tory required by statute.

The surviving partners of a decedent, having a right to settle up the busi-
ness of the firm, cannot be required to turn over the decedent's interest
therein to his personal representative, until after payment of the part-
nership debts, and an accounting whereby the amount of such interest
is determined.

A decree made, in a discovery proceeding, pursuant to Code Civ. Pro.,
§ 2712, " requiring the person cited to deliver possession of . . . . prop-
erty to the petitioner," must particularly describe and indentify the
property in question ; and it is not too late to take advantage of a de-
fect in this regard, upon a motion to punish the respondent for con-
tempt in disobeying its mandate.

A person attending before a referee to make a deposition, under Code Civ.
Pro., § 885, to be used in a special proceeding in a Surrogate's court,
cannot be cross-examined by counsel for a party opposed to those at
whose instance the examination has been ordered, even where, by di-
rection of the court, he has received notice of the time when such
examination would be had.

Reynolds v. Parkes, 2 *Dem.,* 399—compared.

ORDER, granted at the instance of Hugh N. Camp,
temporary administrator of decedent's estate, requir-
ing Edwin and Charles Fraser, sons and surviving
partners of decedent, to show cause why they should
not be punished for a contempt in resisting and pre-
venting the appraisement of the personal property
belonging to that estate.

GEORGE W. BLUNT, *for temporary administrator.*

WILLIAM H. MEEKS, *for respondents.*

THE SURROGATE.—Under the circumstances disclosed in the papers before me, these respondents should not, I think, be regarded as in contempt for refusing to allow the appraisers to enter the premises which they and the decedent, in his lifetime, appear to have owned as tenants in common, and wherein they, in conjunction with the decedent, formerly carried on business as partners.

The stay of proceedings granted by Mr. Justice DONOHUE would have been a justification for such refusal while that stay was in force; and although it had been vacated at the time the alleged contempt was committed, it does not appear that the respondents were then advised of that fact. Indeed, if the property which was sought to be appraised was, as it seems to have been, assets of the partnership of which, in decedent's lifetime, he and these respondents were members, there is grave doubt as to the right of the appraisers to interfere therewith, or to require the production or exhibition of such assets, for including the same in the inventory. The right of possession of partnership property, and of disposition thereof for winding up the partnership affairs devolved, at decedent's death, upon the respondents, as his surviving partners.

It is not likely that the interests of his estate in the firm can be ascertained without an accounting or settlement of the partnership affairs (Thomson v. Thomson, 1 *Bradf.*, 35; Waring v. Waring, 1 *Redf.*, 207).

SUBSEQUENTLY, the temporary administrator made an application to punish Edwin Fraser for a contempt in disobeying an order, entered in a discovery proceeding instituted by the applicant under Code Civ. Pro., § 2706, directing Henrietta Fraser, and Edwin Fraser, her agent, to deliver a certain bank book to the temporary administrator or his attorney, " and pay over all moneys now in the hands of said Henrietta Fraser or Edwin Fraser, collected by them for the rent of the premises No. 13 St. Luke's place, in the city of New York ; also any and all moneys which belong to the estate of said deceased, which they may have received, for rents or otherwise."

THE SURROGATE.—The order, for disobeying which it is sought to punish this respondent for contempt, was improvidently entered.

Upon examination of the evidence in the discovery proceeding, it appears that, in the lifetime of the decedent, he and his sons Charles and Edwin were partners, and engaged in business as such at No. 112 Reade street, in this city. Those premises were owned by the firm, and were in part leased to tenants who are still in occupation. Since the decedent died, the share of his estate, in the rents derived from those premises, has been about $33 a month, less certain deductions for repairs. Apart from these rents, it does not appear that any assets of the estate have come to the hands of this respondent. He and his brother Charles, as surviving partners of decedent, have a right to settle up the business of the firm, and cannot be required to turn over the interest of the

decedent therein to the representative of his estate until after payment of debts, and upon an accounting by which it shall be made apparent what that interest is.

It may be that the respondent is not, in this proceeding, in a position to raise these objections that might have been urged to the entry of the order of September 21st; but if such be the case, he is certainly not too late to object, as he does, that that order is defective because of its failure to specify and particularize the property which it directs to be transferred to the temporary administrator. In view of this defect, I ought not to attempt its enforcement by the summary and severe measures whose adoption is urged by counsel for the temporary administrator.

The affidavits submitted on the part of the respondent, and the evidence elicited in the discovery proceeding, tend to show that the rents of the St. Luke's Place property, deposited in the Irving savings bank, and the bank book containing the evidences of such deposit, have been in the possession and under the control, not of this respondent, but of his sister. These rents are the only property or funds, mentioned in the order under consideration, which are referred to therein with any approach to definiteness, and even as to these there is no specification of amounts.

I do not feel warranted, therefore, in adjudging the respondent guilty of contempt (Guion v. Underhill, 1 *Dem.*, 302).

UPON the judicial settlement of the temporary administrator's account, Edwin Fraser, who had been

appointed one of the administrators with the will of decedent annexed, and who, as such, had filed objections to that account, having obtained an order for the examination, before a referee, of Alfred W. Fraser, lately a contestant of the will, as a preliminary to the hearing of the objections, the Surrogate directed that notice of the time of the examination be given to the temporary administrator's counsel; who, attending thereat asked and was denied leave to cross-examine the witness. Thereafter, application for an order permitting such cross-examination was made before the Surrogate, who filed the following opinion, February 1st, 1886:

GEO. W. BLUNT, *for Hugh N. Camp, temporary administrator.*

WM. H. MEEKS, *and* JOHN A. FOSTER, *for administrators with will annexed.*

THE SURROGATE.—I think that the referee was right in refusing to allow Alfred W. Fraser to be cross-examined. The fact that, by my direction, and with consent of the counsel at whose instance the examination was ordered, notice was given to Mr. Blunt, of the time when that examination would be had, did not authorize Mr. Blunt to take part in the proceedings before the referee. It simply gave him an opportunity of hearing Fraser's testimony, and of taking such steps to contradict or explain it as might seem to him advisable.

Apart from the direction to which I have referred, there are no features of this case by which it can be distinguished from Reynolds v. Parkes (2 *Dem.*, 399). Fraser's examination was ordered by virtue of § 885

of the Code of Civil Procedure, and objections to the contents of his deposition, or to the mode of procuring it, will be seasonably made, if interposed when such deposition shall be sought to be used (McCue v. Tribune Association, 1 *Hun*, 469).

Motion denied.