In the Matter of the Compulsory Accounting of MARY M. IRVIN, Surviving Executrix of RICHARD IRVIN, JR., Respondent, of his Proceedings as Executor of ALEXANDER P. IRVIN, Deceased.

MARY I. SMITH, Appellant.

*Executor's accounting — proof to surcharge the account by the interest of the testator in a copartnership — the surrogate cannot grant relief — proper form of decree.*

Upon the settlement of the accounts of a deceased executor the contestant sought to surcharge the account with liability for the testator's interest in a firm, in which he, the deceased executor, and a third party were partners. Upon the hearing before the referee, to whom the account was referred, it appeared that after the testator's death the surviving partners credited the testator on the firm books with a certain amount of profits and at the same time charged him with an alleged loss which was greatly in excess of his interest in the profits.

The contestant endeavored to show from the books of the partnership that the amount of this loss had been arbitrarily fixed and that the surviving partners had written off, at merely nominal rates, valuable securities belonging to the firm. This evidence was excluded over the objection and exception of the contestant.

The referee found, as a matter of fact, that the testator's interest in the firm was largely exceeded by the losses of the firm and adjudged that the statement of the testator's interest in the firm "is hereby ratified and confirmed." He also found, as a conclusion of law, that the deceased executor's estate should be discharged from all liability to the contestant on account of the doings of the deceased executor in respect to the testator's estate.

Upon an appeal from a decree confirming the report of the referee, it was

*Held,* that the referee having admitted some evidence in relation to the testator's interest in the copartnership, should have admitted the evidence offered by the contestant in respect thereto;

That it was not necessary, however, to send the matter back to the Surrogate's Court for further consideration, as no relief could be granted to the contestant in the accounting proceeding in respect to the testator's interest in the copartnership;

That, in order to preserve the rights of the contestant, and to prevent any future misunderstanding as to the effect of the decree, it should be modified by inserting a declaration that the accounting was not final; that the court did not take cognizance of the claim in reference to the testator's interest in the copartnership and that the discharge of the deceased executor's estate from liability did not relate to the latter claim.

APPEAL by the petitioner, Mary I. Smith, from so much of a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 2d day of February, 1903, as confirms the report of a referee dismissing objections filed by the petitioner to the respondent's account.

*A. Coleman Smith,* for the appellant.

*Lewis S. Haslam,* for the respondent.

PATTERSON, J.:

This appeal is from a decree of the Surrogate's Court of the county of New York settling the accounts of Mary M. Irvin, surviving executrix of the last will and testament of Richard Irvin, Jr. and adjudging that the said Mary M. Irvin, as such surviving executrix, and the estate of the said Richard Irvin, Jr., "be and the same are hereby discharged and freed of and from all responsibility, liability or accountability to the said Mary I. Smith, the contestant herein, on account of the acts and doings of the said Richard Irvin, Junior, as executor of the said Alexander P. Irvin, deceased, as to all matters embraced in the account filed herein;" and it was further adjudged that Mary M. Irvin, as surviving executrix, recover costs against Mary I. Smith.

The account was filed pursuant to the requirement of an order made by the Surrogate's Court of the county of New York, affirmed on appeal by this court. (*Matter of Irvin,* 68 App. Div. 158.) The proceeding was instituted under section 2606 of the Code of Civil Procedure by Mary I. Smith, the daughter of Alexander P. Irvin, to compel the executrix of Richard Irvin, Jr., the executor of the will of Alexander P. Irvin, deceased, to render an account of the acts and proceedings of the said Richard Irvin, Jr., during

· FIRST DEPARTMENT, NOVEMBER TERM, 1903..        [Vol. 87.

his executorship, he having died without having ever rendered an account of such proceedings. The following material facts, among others, appear in the record:

Alexander P. Irvin died on the 25th day of November, 1884. His will was admitted to probate in January, 1885. Letters testamentary were issued in that month to Richard Irvin, Jr., one of the persons named in the will as executor. Richard Irvin, Jr., died in March, 1896, leaving a last will and testament. He appointed Daniel Lord, since deceased, and Mary M. Irvin the executor and executrix of his will. In August, 1900, Mary I. Smith presented her petition to the surrogate of the county of New York, praying that Mary M. Irvin, executrix, file account of the executorship of Richard Irvin, Jr., which was done, and is the account now under consideration. Objections were filed to that account by the petitioner, and such account and objections were referred by the Surrogate's Court to a referee 'to pass upon the same. Some of the objections were abandoned and others were overruled by the referee, who made a report containing specific findings of fact and his conclusions of law thereupon. Upon motion the report of the referee was confirmed by the Surrogate's Court, except as to two technical matters which do not require consideration. The appeal taken by the petitioner is from the whole of the surrogate's decree, with the exception of so much of it as relates to the technical matters. The account as rendered by the accounting party contains only a statement of receipts and disbursements made by Richard Irvin, Jr., executor, and it does not appear that as to specific items it was in any respect falsified; but the petitioner sought to surcharge the account and to impose upon Richard Irvin, Jr., executor, a liability for an asset of the estate of Alexander P. Irvin, consisting of an uncollected interest of the testator in a copartnership firm of which he was a member, and it was insisted that the executor not having accounted therefor the liability to account rested upon the executrix of the executor. The question was raised by an objection to the account in the following words: "For a further and separate objection to said account, this petitioner, by her attorney, A. Coleman Smith, alleges upon information and belief that the testator, Alexander P. Irvin, was, in his lifetime, a member of the firm of Richard Irvin & Company, of which his executor, Richard Irvin, was also a

member, and as such member, said testator was entitled to a share in the said firm's assets, and it does not appear by said account that he ever was a member of said firm or that his interests in said firm of Richard Irvin & Company has ever been liquidated."

The substance of this objection is that the executrix of the will of Richard Irvin, Jr., had omitted from the account an asset of the estate of Alexander P. Irvin, for which his executor was accountable. In this connection these facts appeared before the referee, namely : Alexander P. Irvin was a member of a firm transacting business in the city of New York. That firm was composed of Richard Irvin, Sr., Alexander P. Irvin and Richard Irvin, Jr. Shortly after the death of Alexander P. Irvin the books of the copartnership were written up by the surviving partners, who stated the account of the deceased partner with the firm; and it appeared before the referee that Alexander P. Irvin was credited on the books with a balance of profits of some $80,000, but at the same time he was charged with an alleged loss on "profit & loss" account of something over $170,000. The contestant offered, in substance, to prove, from the books of account of the copartnership, that this credit charge was arbitrarily made; that the surviving partners, one of whom was Richard Irvin, Jr. (executor), had written off, at merely nominal rates, securities belonging to the firm ; that they retained such securities, which subsequently rose greatly in value, and that the surviving partners have realized large sums of money from the sale thereof. The learned referee refused to take this evidence, placing his ruling upon the ground, not that it was an improper subject of inquiry on the accounting, but that by the copartnership articles it was left to Mr. Richard Irvin, Sr., to liquidate the affairs of the copartnership upon the death of any one of its members ; and that there being no proof of fraud in connection with the matter, the transaction could not be inquired into.

The copartnership articles were in evidence, and by the 5th paragraph thereof it is provided that in case of the death of either of the partners, other than Richard Irvin, Sr., the firm should continue, "and the interest or balance belonging to the deceased at the time of his death shall be stated by the surviving partners and paid over to the representatives of the deceased as it shall be realized." We do not find in this provision, nor in any of the terms of the contract

of copartnership, that it was left absolutely to Richard Irvin, Sr., to determine or state what interest in the firm assets should belong to Alexander P. Irvin. That was to be determined, in the event of the death of one partner, by the surviving partners, and the interest of the deceased partner was to be paid over to his representatives as it should be realized; and the same provisions were to apply if a partner withdrew at the end of any year. By the contract it was only in case of the dissolution of the partnership in some other way that the business should remain in the hands and under the control of Richard Irvin, Sr., to settle the affairs of the concern. It is not to be questioned that if Richard Irvin, Jr., had been the sole surviving partner, his action in arbitrarily taking over to himself, as surviving partner, the securities of the firm at prices fixed by himself, could be the subject of judicial inquiry in a properly constituted proceeding. (*Matter of Myers*, 131 N. Y. 414.)

Richard Irvin, Jr., became a trustee of the interest of his deceased brother in the firm. (*Hooley* v. *Gieve*, 9 Daly, 104; affd., 82 N. Y. 625.) " After the dissolution by death or bankruptcy the solvent or surviving members become trustees of the assets for the purpose of winding up its affairs and distributing its effects, and they will not be allowed to reap a profit made by the use of the partnership assets after dissolution. * * * (*Murray* v. *Mumford*, 6 Cow. 441.) As a general rule surviving or solvent partners cannot take the assets of the firm at a valuation as of the time of the dissolution." (*King* v. *Leighton*, 100 N. Y. 392.)

The petitioner endeavored to show from the books of the copartnership the facts connected with the appropriation of securities by the surviving partners, of whom Richard Irvin, Jr., was one. The referee refused to allow that to be done and an exception taken to his ruling was recorded. It is true that the management of copartnership affairs by a surviving partner is not the subject of an accounting in a Surrogate's Court (*Thomson* v. *Thomson*, 1 Bradf. 35), and the court could not now charge the accounting party with that which (if anything) may eventually be found to belong to the estate of Alexander P. Irvin after a copartnership accounting; but we are of opinion that, inasmuch as the referee took some proof upon the subject of the objection, the petitioner should have been permitted to show that there was an outstanding right to property of the estate

of Alexander P. Irvin, which, although not strictly an asset of that estate, would become so on a proper judicial settlement of the copartnership accounts, for the referee has found as matters of fact that Alexander P. Irvin's interest in the firm was largely exceeded by the losses of the firm, and that the statement of the interest of Alexander P. Irvin in the firm, or the liquidation thereof, "is hereby ratified and confirmed." And, as a conclusion of law, that Mary M. Irvin, as surviving executrix of Richard Irvin, Jr., should be discharged and freed of and from all responsibility, liability or accountability to the said Mary I. Smith, the contestant herein, *on account of the acts and doings of the said Richard Irvin, Jr., as executor of the said Alexander P. Irvin, deceased*, and the report of the referee was confirmed.

While a decree of the Surrogate's Court in an accounting proceeding is conclusive evidence only as to the four matters recited in section 2742 of the Code of Civil Procedure, yet we have here findings of fact made upon the objection we have considered, and a conclusion of law following it, which would apparently discharge the estate of the executor from liability for the copartnership interest of his testator and a confirmation of the report of the referee by the decree. In order to preserve the rights of the petitioner and prevent any future misunderstanding or controversy as to the effect of the decree, we are of the opinion that it should be modified by limiting the adjudication upon the account to the items as that account is stated by the referee, and declaring it not to be a final accounting; that the decree should specifically recite that the court does not take cognizance of the claim to a copartnership interest and refuses to pass upon the same, and that the discharge of the executrix from liability does not relate to that claim, if any exists.

It is not necessary to send this matter back to the Surrogate's Court for further consideration. While we think the referee under the circumstances should have admitted the proof offered, for the reason above suggested, no practical benefit would be gained by continuing this particular proceeding. The modification of the decree will leave it open to those entitled so to do to bring suit in the proper tribunal for an accounting of the copartnership affairs; and a discharge of the executrix of the executor in a final accounting will be withheld for the present.

The decree should be modified in accordance with the views above expressed, and as modified affirmed, without costs to either party of this appeal, and the question of the allowance of costs generally should be reserved until the final accounting.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Decree modified as stated in opinion, and as modified affirmed, without costs of this appeal to either party; the question of allowance of costs generally to be reserved until final accounting.