## Palmer v. Cotton

*Drake & Thomas,* for plaintiff.
*L. R. Rickard,* for defendant.

ROWLEY, P. J., December 18, 1940.—Plaintiff instituted this action before a justice of the peace, and obtained a judgment for damages to his automobile caused by collision of defendant's steer and plaintiff's automobile.

Defendant appealed the judgment to the court of common pleas, and thereafter petitioned this court to dismiss

the proceeding for lack of jurisdiction of the justice of the peace.

Defendant's petition to dismiss avers:

"Under the statement of claim as filed by the plaintiff, the cause of action is based upon what was formerly known as 'Trespass on the Case'.

"Said statement of claim does not set forth any negligent acts committed by the defendant.

"Said suit being in trespass, it does not disclose or allege any force directly applied by the defendant, and therefore the justice of the peace had no. jurisdiction."

The statement of claim avers, inter alia:

"3. On or about July 24, 1940, at about 7:30 a.m., plaintiff was proceeding in his automobile in a westerly direction on the Grove City-Leesburg highway about 1000 feet east of Leesburg, at the rate of about 30 miles per hour."

"5. Said heifer or steer was caused to jump into the road and crash into the plaintiff's car by the negligence of the defendant, said negligence consisting of . . .

(b) Chasing said steer or heifer and causing it to run without regard to the rights of others lawfully using the said road or highway."

The boundary line between trespass and trespass on the case is frequently a very narrow one: Berry v. Hamill, 12 S. & R. 210.

"This well known distinction has been settled between actions of trespass *vi et armis*, and on the case: where the injury is the immediate consequence of an unlawful act, trespass lies; but where it is consequential or collateral, case is the proper remedy": Legaux v. Feasor, 1 Yeates 586, 587.

"The true criterion between trespass and case is, whether the injury is immediate or consequential": Farmer's Bank v. McKinney, 7 Watts 214, 216.

In the last cited case, it was ruled that trespass would not lie for malicious arrest or malicious prosecution,

where the proceeding was by regular process of a court of competent jurisdiction. There case is the proper remedy.

But where the process is irregular, and by this is meant a void process, trespass is the proper form; as when a justice of the peace grants a warrant against a person for felony without an information or oath.

"Trespass is proper, where the injury is by the direct act of the party, whether done wilfully or negligently. Force directly applied is the criterion. . . . If the act was in law the act of the defendant, he is consequently liable in trespass, whether it resulted from wilfulness or negligence. . . . In I Chit. Pl. 180, it is laid down that 'trespass lies against a master, where, while the servant drives him, the horse of the latter runs away and does damage' ": Strohl v. Levan, 39 Pa. 177, 185.

In Strohl v. Levan, supra, it was held that trespass would lie against a father for an injury committed by his team, when driven by a son with whom he was driving at the time. The Supreme Court said (p. 184) :

". . . the action was well brought in trespass, for the defendant was *present*, and as the injury resulted from his own team, driven in his presence by his own servant, which he could have controlled, but did not; and therefore . . . if 'the damage was caused by the carelessness or wilful conduct of the defendant,' he would be answerable."

An apt illustration of the distinction between trespass and case is frequently quoted from Leary v. Harter, 16 Pitts. 275:

"If a log be thrown into the highway, and . . . hit any person, it is trespass; but if after it be thrown, any person by going along the road receive an injury by falling over it, as it lies there, it is case."

Trespass is proper, when the injury is by the direct act of the party whether done wilfully or negligently: Knautt v. Massinger, 116 Pa. Superior Ct. 286.

"If the defendant owner is present when the injury is done, trespass vi et armis will lie and the justice has

138

jurisdiction": note to Paulson v. Eisenberg, 134 Pa. Superior Ct. 503.

In Cotteral v. Cummins et al., 6 S. & R. 343, the court said (p. 348) :

"Whether, on the evidence, the plaintiff has made out an injury for which action on the case, or trespass *vi et armis*, is his remedy, is often a very nice and difficult question; but whether his declaration states a grievance, for which the one or the other is the proper form of action, is not so difficult to decide."

It is to be noted that the instant question is whether plaintiff has averred a trespass vi et armis. If the statement so avers, then the action is sustainable at this point, albeit the evidence at the trial may establish circumstances which reveal that the claim is upon the case only.

In Cotteral v. Cummins et al., supra, the opinion rules (p. 348) :

"The distinction is well settled, however Judges may have differed in its application to particular cases, that if the injury be occasioned by the act of the defendant, or the defendant be the immediate cause of the injury, trespass *vi et armis* is the proper action . . ."

In the last-cited case, referring to Scott v. Shepherd, 2 W. Bl. 892, 96 Eng. Repr. 525, it is stated (p. 348) :

". . . the question was, whether the injury was received by the plaintiff by *force from the defendant*, or whether it was received from a *new force by another;* the *vis impressa* must continue, or it cannot be trespass; if a new impetus be given by another, the consequences are, in their nature, consequential damages; but if all which happened subsequently are continuations of the first act, then it is trespass."

The intelligible criterion is, whether the "injury complained of arose directly or followed consequentially from the acts of defendants": Id.

This is not a complaint merely that defendant failed to confine his animal, but it includes an allegation that defendant acted directly to produce the damage. The

effect of plaintiff's statement is an averment that defendant "chased" his animal against plaintiff's automobile. In our opinion this is a sufficient averment to sustain trespass vi et armis.

### Order

And now, December 18, 1940, this matter came on to be heard upon defendant's rule to show cause why the action should not be dismissed, whereupon, after due consideration, it is ordered, adjudged, and decreed that the rule be discharged.