MRS. MARY WHALEN v. MRS. JACOB GABELL.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILA-
DELPHIA COUNTY.

Argued March 30, 1888—Decided May 7, 1888.

The common-law rule that a writ of capias may not issue for the arrest of a married woman, in a civil action for a tort committed by her during coverture, is not affected by the Married Persons Property Act of June 3, 1887, P. L. 332.*

Before GORDON, C. J., PAXSON, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY and STERRETT, JJ., absent.

No. 298 January Term 1888, Sup. Ct.; court below, No. 47 September Term 1887, C. P. No. 4.

On September 13, 1887, an affidavit to hold the defendant to bail in $500 being filed, a writ of capias in trespass was issued in an action for slanderous words spoken, brought by Mrs. Mary Whalen against Mrs. Jacob Gabell. Both parties were married women.

On September 29, 1887, the defendant entered a rule upon

*See Vocht v. Kuklence, 119 Pa. 365.

the plaintiff to show cause why the writ should not be quashed, and on October 6th another rule to show cause why defendant should not be discharged on common bail.

On October 8, 1887, the court, THAYER, P. J., filed the following opinion and decree:

The defendant, a married woman, has been arrested upon a capias ad respondendum, in slander. The rule of the common law that a married woman cannot be arrested and held to bail in a civil suit for a cause of action arising during coverture, which Sir William Blackstone denominates "one of the many great privileges of English wives": 3 Bl. Com., 414, has always been recognized and maintained as part of the law of Pennsylvania: Hawk v. Harman, 5 Binn. 45; Commonwealth v. Keeper of the County Prison, 9 W. N. 314; and has been affirmed by the Supreme Court so recently as 1882, in the case of Commonwealth v. Keeper of the County Prison, 11 W. N. 341; and it is well settled that the rule applies as well to torts as to contracts. In the case last mentioned, a married woman was discharged by the Supreme Court upon habeas corpus from a capias ad respondendum issued against her by an inferior court for an alleged tort.

But it is contended that the act of June 3, 1887, P. L. 332, has abrogated this privilege of married women. The second section of the act referred to, enacts that "a married woman shall be capable of entering into and rendering herself liable upon any contract relating to any trade or business in which she may engage, or for necessaries, and for the use, enjoyment and improvement of her separate estate, and for suing and being sued, either upon such contracts, or for torts, done to, or committed by her, in all respects as if she were a feme sole, . . . and any debt, damages or costs recovered against her in any such action, suit or other proceeding shall be payable out of her separate property, and not otherwise." It is supposed that the words "in all respects as if she were a feme sole" have destroyed her common-law right to exemption from arrest and imprisonment for torts committed during her coverture. Such is not, however, in our opinion, the effect of the act of assembly. It was not, we think, the intention of the legislature to alter the old rule in this respect.

If the legislature had intended to uproot the beneficent principle of the old law, which protects a married woman from arrest and imprisonment upon a charge of slander, or any other tort committed during her coverture, they would have said so in plainer terms than these. We will not presume that the legislature intended to strike down this ancient and well-established privilege, which has always, and from the earliest times, been one of the boasts of our Anglo-Saxon laws and civilization, without more express words, or at least a necessary and unavoidable implication. No such necessary implication lurks in this statute. If it did, the rights which married women have acquired under it would, indeed, be purchased at a price greatly disproportioned to their value. All that the legislature intended to say was that a married woman might be sued upon her contracts or torts, without joining her husband with her, and that any judgment recovered against her for either should be payable out of her separate property. It was not intended to subject a married woman to arrest and imprisonment in civil cases for torts committed during coverture, or to destroy the immunity in that respect which she has always heretofore enjoyed in this state. Rules absolute.

Thereupon the plaintiff took this writ, assigning the order of the court as error.

*Mr. Thomas A. Fahy,* for the plaintiff in error:

1. Prior to the act of February 8, 1819, 7 Sm. L. 150, any judgment debtor might have been imprisoned for debt. Suits were commenced by capias ad respondendum, and judgment executed by capias ad satisfaciendum. This law applied to all persons, male and female. The act of February 9, 1819, re-enacted June 13, 1836, P. L. 573, exempted females from arrest or imprisonment for debts contracted after the year 1819. The act of 1842 abolishes imprisonment for debt or money due upon contract of any kind, expressed or implied. The acts apply only to actions of debt or for money due upon contract. Damages claimed or recovered in an action ex delicto were not affected by these acts: Tryon v. Hassinger, 1 Clark 184; Hopper v. Williams, 1 Clark 379; Sedgebeer v. Moore, Bright. 197; Lopeman v. Henderson, 4 Pa. 231. A capias may be issued in slander: T. & H. Prac., § 301, and cases.

But at common law a married woman could not be arrested for a debt or for a tort, even although incurred or committed before marriage. This was because by the marriage he became entitled to her property, and was bound to answer for all debts and damages due by her; consequently, while the capias ran against husband and wife, the husband alone could be taken: See Hawk v. Harman, 5 Binn. 43.

2. All this is changed by the act of June 3, 1887, which enacts that a married woman shall keep her property, and earn more and keep it, and it shall not belong to her husband. She may sue and be sued for torts in all respects as if she were a feme sole ; and the damages shall be payable out of her separate estate and not otherwise. Her husband is no longer liable for her torts. How can she be liable in all respects as if she were a feme sole, if she is exempted from arrest, while femes sole are not? If she steals, she may be arrested, indicted and imprisoned. If the injured person sued her in tort, ought she be exempted from arrest on a capias? Is the comfort of the husband to be considered in one case and not the other? The injured party should be considered in the Common Pleas as well as in the Quarter Sessions, otherwise slandering by married women will go on without fear of punishment.

3. At common law husband and wife could both be taken in execution in an action for an assault by the wife: Longstaff v. Rain, 1 Wils. 149; Larkin v. Marshall, 14 Jurist 46. In an action by the husband and wife in which they fail, both may be taken on a ca. sa. for costs: Newton v. Boodle, 9 Q. B. 948; Newton v. Rowe, 7 M. & G. 329.

*Mr. Frank Lambader, Jr.,* and *Mr. James H. Wolfe,* for the defendant in error, were not heard orally.

The brief filed cited: 3 Bl. Com., 414 ; 2 Kent, Com., 149 ; Act of February 19, 1819, 7 Sm. L. 150, re-enacted, § 6, Act of June 13, 1836, P. L. 573 ; Commonwealth v. Keeper of Co. Prison, 11 W. N. 341 ; Keen v. Hartman, 48 Pa. 499, and the opinion of SCHUYLER, P. J., in Kuklence v. Vocht, 4 Pa. C. C. R. 370, reversed by this court on March 19, 1888, 119 Pa. 365.

Statement of Facts.

PER CURIAM:

It is not contended that before the act of 1887 a married woman could be arrested for a tort, but we cannot see that, in this particular, the old rule has been altered by that act. Whilst it is true, as stated by the learned counsel, that by force of that statute she may sue and be sued for torts in all respects as if she were a feme sole, yet this does not authorize her arrest, and this for the plain reason that suing and arresting are two things substantially different.

Judgment affirmed.