# Powell, Appellant, v. Perkins.

*Infants—Capias ad respondendum—Arrest—Bail—Act of July 9, 1901, P. L. 614.*

Where a writ of capias ad respondendum against a minor for assault and battery is regularly issued by a court of competent jurisdiction, the writ cannot be quashed because the plaintiff instead of having the writ served as a summons, fixes an amount of bail, and notifies the father of the infant of his action, and the father under fear of his child's arrest enters the bail demanded.

An original writ can be quashed only where it is irregular, defective or improper.

*Actions—Process Service.*

Unless the statutory mode of service of a writ is observed it is not a service and the defendant is not compelled to obey its command.

Argued Jan. 23, 1905. Appeal, No. 156, Jan. T., 1904, by plaintiffs, from order of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 3229, quashing a writ of capias ad respondendum in case of Robert Hare Powell and John Hare Powell, by his father

and next friend, v. Mary Paul and Polly Perkins. Before MITCH-
ELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Re-
versed.

Trespass to recover damages for assault and battery.    Before
RALSTON, J.

In addition to the facts stated in the opinion of the Supreme
Court, it appeared that Mr. Perkins was led to enter bail for
his daughter by reason of the following letter :

"PHILADELPHIA, November 7th, 1903.

"Robert Hare Powell et al., v. Polly Perkins.

"Sussex D. Davis, Esq., Attorney at Law, 217 South Sixth
Street.

"DEAR SIR :—My client instructed me to issue a capias in
the above matter, which I have done, and the bail has been
fixed at $1,200.   In order to avoid unnecessary publicity and
annoyance to your client I write this note so that your client
may have the opportunity to enter bail at her early con-
venience.

"Yours respectfully, etc.,

"A. S. L. SHIELDS,

"Attorney for Plaintiffs."

*Error assigned* was the order quashing the writ.

*A. S. L. Shields*, for appellant.—The learned court below
erred in quashing the writ because the voluntary entry of bail
amounted to a voluntary appearance to the action, and this ap-
pearance made service of process unnecessary: Wright v. Mil-
likin, 152 Pa. 507 ; Jeannette Borough v. Roehme, 9 Pa.
Superior Ct. 33; Pixley v. Winchell, 7 Cowen (N. Y.), 366 ;
Vanderpoel v. Wright, 1 Cowen (N. Y.), 209.

The learned court below undoubtedly erred in quashing the
capias.   The only change in the common law made by the act
of 1901 gives to minors the privilege of exemption from arrest,
but leaves the capias, as at common law, a proper writ in certain
forms of action in tort.   The failure to serve a capias like a
summons in trespass or the defective service of a capias could
not make the writ void when once properly issued, or justify
an order quashing the writ.   Since the only irregularity was in

the service the only proper judgment would be one setting that service aside: Dumont v. Wright, 6 Blackf. (Ind.) 540; Jacobs v. Stevens, 57 N. H. 610.

*Charles Biddle*, with him *Sussex D. Davis*, for appellee.—The writ was properly quashed: Gosline v. Place, 32 Pa. 520; Williamson v. McCormick, 126 Pa. 274; Crawford v. Stewart, 38 Pa. 34; Mayer v. Walter, 64 Pa. 283; Penmann v. Wayne, 1 Dallas, 348; Whalen v. Gabell, 20 W. N. C. 274; Vocht v. Kuklence, 119 Pa. 365; Dobson v. Fitzpatrick, 2 W. N. C. 186; Desuian v. Zefcak, 22 Pa. C. C. Rep. 77; Becker v. Goldschild, 9 Pa. Superior Ct. 50; Hevener v. Heist, 9 Phila. 274; Dunton v. Halstead, 2 Clark, 450; Steinmetz v. Wade, 3 W. N. C. 187; Wilson v. Byrd, 14 W. N. C. 438; In re Anfrye, 3 W. N. C. 188; Barnard v. Field, 1 Dallas, 348; Sliver v. Shelback, 1 Dall. 165; Moore v. McEwen, 5 S. & R. 373; Parks v. Watts, 112 Pa. 4.

OPINION BY MR. JUSTICE MESTREZAT, March 20, 1905:

This was an action of trespass, commenced by capias ad respondendum, against Mary Paul and Polly Perkins, two minors, to recover damages for an alleged assault and battery. No service was made on either of the defendants. On the suggestion of plaintiffs' counsel, Charles P. Perkins entered bail for his daughter, Polly Perkins. Subsequently, Polly Perkins, " by her next friend, Charles P. Perkins," obtained a rule to quash the capias issued against her, alleging, inter alia, in her affidavit in support of the rule the following: " That she has been unlawfully arrested and held to bail in the sum of twelve hundred dollars under a capias ad respondendum issued in the above case. That the said defendant being a minor, the said capias has been unlawfully and improperly executed and the said minor's arrest is contrary to the act of assembly regulating the service of said capias." The learned judge of the court below quashed the writ, saying in his opinion: " The defendant must be regarded as having been arrested and held to bail, and as she was not liable to arrest the writ should be quashed: Vocht v. Kuklence, 119 Pa. 365; Whalen v. Gabell, 120 Pa. 284."

It is elementary law that an infant is liable in an action ex

delicto for injuries inflicted by him upon the person or property of another. He cannot appear and defend in person or by attorney, but only by guardian, general or ad litem. The Act of June 13, 1836, P. L. 568, Purd. Dig. 63, provided the form of the writ of capias ad respondendum, and it commands the sheriff to take the defendant in the writ "and him safely keep, until he shall have given bail, or made deposit according to law, so that he be and appear in our court." Under this act the writ was served on an infant by arresting him. The service of the writ is now regulated by the Act of July 9, 1901, P. L. 614. It is entitled "An act relating to the service of certain process in actions at law, and the effect thereof, and providing who shall be made parties to certain writs." It provides, inter alia, as follows: "The writ of capias ad respondendum may be served by the sheriff of the county in which it is issued in any one of the following methods: (*a*) By arresting the defendant, other than a minor or married woman, and holding him to bail or committing him to jail for want thereof; or, (*b*) if the defendant be a minor or married woman, or if from any cause the defendant is liable to arrest but is not arrested, then by serving the writ as in case of a summons; in which event the cause shall proceed with the same effect as if a summons in trespass had been duly served, and in that case, if the defendant was liable to arrest on the original writ but was not arrested, alias and pluries writs may issue at any time prior to final judgment in the cause, and the defendant may be arrested by virtue thereof, with the same effect as if arrested on the original writ."

This act made no change in the form of the writ provided by the act of 1836, nor prevented the issuing of the writ in proper cases against an infant. It simply provides the manner in which a writ of capias ad respondendum shall be served on an infant. The writ cannot be served as formerly by arresting and taking him into custody and requiring him to find security for his appearance, but the service is made "by serving the writ as in case of a summons."

In the case in hand the writ itself was good. It was in proper form; was issued by the proper officer of a court of competent jurisdiction, and against a party subject to its command. It was in all respects formal and legal, and, if properly

served, the defendant was required to answer. It was, therefore, manifest error to quash the writ. In the very recent case of Bruner v. Finley, ante p. 74, we had occasion to consider and review the action of the trial court in quashing an original writ, and in the opinion it is said : " An original writ can be quashed only where it is irregular, defective or improper. It is not alleged that either of these reasons for quashing the writ obtain in this case. The writ was issued by a court of competent jurisdiction, by a proper officer of the court under his seal of office on precipe of counsel, and was not defective or irregular in any respect. There was, therefore, no ground for quashing the writ."

The writ in this case was not served on Polly Perkins " as in case of a summons," and hence there was no service on her at all. Unless the statutory mode of service of a writ is observed, it is not a service, and the defendant is not compelled to obey the command of the writ. The defendant was not required, either in person, by guardian or by next friend, to enter security for her appearance, and her father's action in giving bail was in no sense an appearance by her.

In their printed argument the learned counsel for the appellee say : " The only question before the court was the illegal and improper use of the writ after it had been issued, and this, it was decided, warranted the quashing of the writ, no matter how regular its issue originally may have been." But this position is clearly untenable. The writ being regular and proper, it was the duty of the sheriff to serve it in the manner pointed out by the statute. If he or the plaintiffs' counsel made an illegal and improper use of the writ, they may be responsible to the defendant for their act, but it did not invalidate the writ itself or the act of the court in issuing it. The cause of action set forth in the statement justified the issuance of the writ, and if the sheriff or the plaintiffs' counsel, through inadvertence or for any reason, caused it to be served improperly, it is not a sufficient reason for quashing it. If there has been injury resulting from an abuse of the writ, it must be redressed in the usual and orderly way, and not summarily by quashing a writ regularly issued to enforce a demand which the pleadings disclose to be legal.

The learned judge of the court below cites in support of his

ruling the cases of Vocht v. Kuklence, 119 Pa. 365, and Whalen v. Gabell, 120 Pa. 284. He misapprehends the effect of those decisions. In the first, the question was " whether a wife may be arrested in satisfaction of a judgment for defamatory words, spoken by her during coverture, in which her husband is not implicated." In answering the question this court said : " If the time-honored principle of the common law, exempting married women from arrest and imprisonment in civil actions for torts committed during coverture, is still in force here, this question must be answered in the negative." The opinion then proceeds to say that " the time-honored principle " was still the law of this commonwealth, notwithstanding the legislation for the protection of married women, and it was therefore held, that a capias ad satisfaciendum could not issue against a married woman on a judgment in an action upon a tort, committed by her during coverture. The opinion quotes from 3 Bl. Comm. 414, as follows : " If judgment be recovered against husband and wife for the contract, nay, even for the personal misbehavior of the wife during her coverture, the capias shall issue against the husband only, which is one of the many great privileges of English wives." In Whalen v. Gabell, the defendant, a married woman, was arrested upon a capias ad respondendum in slander. She took a rule to quash the writ, which was made absolute, on the ground that a capias ad respondendum could not issue for the arrest of a married woman in a civil action of tort committed by her during coverture. In both cases, it will be observed, . the writ was quashed because it would not lie against the defendant and, hence, was improperly and illegally issued. In the case at bar, it is conceded that the writ will lie against the defendant, and is in regular and proper form. The distinction between the cases cited and the one at bar is too apparent to require further comment.

The cases cited by the appellee from the reports of this court to sustain the court in quashing the writ in this case are all cases in which the defendant was not subject to arrest, and hence the writ was improper and could not legally be issued against him. In Barnard v. Field, 1 Dall. 348, the capias was quashed on the ground that the defendant was a freeholder and exempt from arrest under the act of assembly. It was held

that the writ could not issue against him, even though the plaintiff directed the sheriff to accept his appearance. The same principle is recognized in Farmers' Bank v. McKinney, 7 Watts, 214. The writ was quashed in Dupont v. Pichon, 4 Dall. 321, on the ground that the defendant, being the accredited chargé d'affaires of the French Republic to this country, was exempt from arrest on a capias. It is apparent that none of these cases supports the contention that a capias may be quashed when it is authorized by an act of assembly and is regularly issued by a court of competent jurisdiction against a defendant who is amenable to the process, but which is required to be served upon him in the manner provided for the service of a summons.

The first assignment of error is sustained, the order quashing the writ is reversed, the writ is reinstated, and a procedendo is awarded.