## Bechtel *v.* Roman Automobile Company, Appellant.

*Judgments—Rule to open judgment—Waiver of defects.*

One who presents a petition to open a judgment will be considered to have waived any defects in the entry thereof.   A petition to open a judgment is addressed to the sound discretion of the court and, unless an abuse of such discretion is shown, the appellate court will not interfere.

*Judgments—Service of summons—Legal holidays—Saturdays—Act of 1911, P. L. 3.*

There is nothing in the Act of 1911, P. L. 3, relating to holidays which prohibits the service of legal process on Saturday afternoon. On the contrary, there is nothing contained in the act which shall be construed to prevent the service of legal process at that time.

Argued October 10, 1919.   Appeal, No. 110, October T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., December T., 1918, No. 4475, for want of an affidavit of defense in the case of John L.

Bechtel v. Roman Automobile Company.   Before Or-
LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and
KELLER, JJ.   Affirmed.

Rule for judgment for want of an affidavit of defense.
Before ROGERS, J.

The opinion of the Superior Court states the case.

The court entered judgment in favor of the plaintiff
for want of an affidavit of defense.  . Defendant ap-
pealed.

*Error assigned* was the order of the court.

*Maurice W. Sloan,* for appellant.

*Theodore Cuyler Patterson,* for appellee.

OPINION BY HENDERSON, J., December 8, 1919:

The plaintiff's action was based on a claim for money
paid for an automobile which the defendant agreed to
deliver to the purchaser at Norristown and which was
not delivered.  Judgment by default for want of an affi-
davit of defense was entered in the case whereupon the
defendant presented a petition to the court to open the
judgment and permit him to make the defense set forth
in the affidavit accompanying the petition.   The court
discharged the rule granted on the petition and from
that judgment this appeal was taken.   Two assignments
of error are presented.   The first directed against the
entry of the judgment and the second complaining of
the action of the court in not opening the judgment on the
merits.

The objection to the judgment was because of an al-
leged irregularity in the entry of it.   The statement of
claim was filed on Saturday, February 8, 1919, and on
the same day a notice of the filing thereof was served on
the defendant's attorney by the plaintiff's attorney by
leaving a copy of the statement and notice to file an

affidavit at the defendant's office with a person who was then in the office and who appeared to be in charge of it. The judgment was entered February 25, 1919. The irregularity alleged by the appellant is that the notice was served on Saturday afternoon, a legal holiday, and that as the attorney did not actually receive it until the following Monday, the filing of an affidavit at any time on the twenty-fifth of February would have been in time. Nothing in the Act of 1911, P. L. 3, relating to holidays prohibits the service of legal process on Saturday afternoon. On the contrary, it is expressly declared that nothing contained in the act shall be construed to prevent the service of legal process at that time. As it appears from the record that the service was made on February 8, 1919, and that the affidavit was not filed until the twenty-fifth, after judgment had been entered on the latter date, the appellant's contention cannot be sustained. Another difficulty with respect to this feature of the case is that the application was to open the judgment, not to strike it off. By applying to open the judgment irregularity in the entry of it was waived: O'Hara v. Baum, 82 Pa. 416; Hall v. Publishing Co., 180 Pa. 561; North v. Yorke, 174 Pa. 349. If we assume, therefore, that the judgment was prematurely entered and the appellant desired to take advantage of the fact, the application should have been to set aside the judgment.

The relief asked was an opportunity to defend on the merits. The burden was, therefore, on the defendant to present a state of facts which would have authorized the court to open the judgment to admit the defense. We are unable to find any evidence of a clear and manifest abuse of legal discretion in the action complained of. A motion for judgment for want of a sufficient affidavit of defense might have been sustained on the affidavit presented with the record. It is not disputed that the automobile was to be delivered to the plaintiff at Norristown. It is nowhere asserted that it was so delivered. There is an expression of a readiness and willingness to deliver

but no averment that the car was tendered to the plaintiff at the place where it was to be delivered.    There is an averment that the defendant was prevented from delivering it by the action of the plaintiff in refusing to accept it but neither time, place nor circumstance is set forth to enable the court to determine the manner of the refusal nor whether it amounted to a release of the defendant from his obligation to take the car to the place where it was to have been delivered.    The appellant has failed to present a sufficient defense in the affidavit tendered.    The court was correct in the conclusion that he was not entitled to the relief sought.

The judgment is affirmed.