## Wright v. Aetna Accident and Liability Company.

*Practice, C. P. — Affidavit of defence — Failure to serve copy — Act of May 14, 1915.*

1. Under the Practice Act of May 14, 1915, P. L. 483, in the absence of a rule of court to the contrary, an affidavit of defence which has been filed within the statutory period or afterwards, but before judgment by default is actually taken or moved, cannot be stricken off because a copy thereof was not served within fifteen days from the day the statement was served upon defendant.

2. Such service is in proper time if made before plaintiff has acted or omitted to act upon a legal objection to the want of such service.

3. Service of a copy by mail seven days before the date of the *jurat* of an affidavit to a petition for a rule to strike off the affidavit is sufficient to justify the court in discharging such rule.

Rules to strike off affidavit of defence and for judgment for want of affidavit of defence. C. P. Susquehanna Co., April T., 1922, No. 31.

*W. A. Skinner,* for plaintiff; *H. A. Denney,* for defendant.

SMITH, P. J., Aug. 26, 1922.—The chronology of the above proceedings is as follows: April 18, 1922, præcipe for and summons issued. May 6, 1922, summons and plaintiff's statement served. June 5, 1922, return-day of summons. May 2, 1922, date of *jurat* to affidavit of defence. May 27, 1922, affidavit of defence filed, but never served upon plaintiff or their attorney, but copy mailed to him by defendant's attorney, June 14, 1922, received June 21, 1922, and June 22, 1922, returned to defendant's attorney accompanied by letter, agreed to be considered by the court, of which the following is a copy:

"William A. Skinner,
Attorney and Counselor,
Susquehanna, Pa.
United States Commissioner.                                          June 22, 1922.

*"In Re: Wright v. Aetna Accident & Liability Co.*

"H. A. Denny, Esq., Montrose, Pa.

"Dear Sir: Upon my return to my office yesterday, I find your letter of the 14th inst. enclosing copy of the affidavit of defence filed by you in this case.

"As you of course are aware the Practice Act requires that affidavits of defence be filed and served on or before the return-day, I had already prepared a brief and a petition for a rule to show cause why this affidavit should not be stricken from the record because of failure to serve as provided by law and would have presented this petition last Monday, had not my plans for attending court been changed by other engagements. I am therefore unable to accept the service of this affidavit of defence at this time and shall be obliged, under instructions of my client, to move when the court is next in session to have this affidavit stricken from the files because not served in accordance with the act and to move for judgment for want of an affidavit returned herewith.                                          Yours truly,
                                          (sgd)   W. A. SKINNER."

July 3, 1922, these rules granted on affidavit sworn to June 29, 1922, to which answer by defendant's attorney filed July 15, 1922.

The rule and motion on the part of plaintiffs at bar is two-fold, viz.: (1) To strike off the affidavit of defence filed in this case for the reason that the same is a nullity and of no effect as such affidavit, because of the omission or default of the defendant to serve copy thereof upon the plaintiffs or their

attorney in compliance with the 17th section of the Practice Act of May 14, 1915, P. L. 483; and then (2) to enter judgment against the defendant for want of affidavit of defence under the 22nd section of the same act.

The questions thus raised involve our determination of whether such service is vital to the efficacy and purpose of such affidavit to prevent judgment, as contended for by the proponents of these rules; in support of which their attorney cites several cases, all in the lower court except Bechtel v. Roman, Auto Co., 73 Pa. Superior Ct. 177, in which the Superior Court affirmed the entry by the court below of judgment against the defendant for want of affidavit of defence, which was at the time of the rule actually filed; but because the defendant failed to serve copy of such affidavit upon the plaintiff within forty-eight hours after its filing, as required by the Court Rules of Philadelphia County, which, as said by the court below in Spinelli v. Costello, 30 Dist. R. 411 (413), had been the practice in that court "for many years." It will be observed that in both cases the additional reason is given for judgment that the affidavits presented were insufficient in substance of allegation upon the merits, and for that reason (per Henderson, J., 73 Pa. Superior Ct. 179) judgment might have been sustained.

It is interesting to note that the case of Spinelli v. Costello, 30 Dist. R. 411, was affirmed by the Supreme Court, 271 Pa. 204, where the copy of the Philadelphia court rule appears in the opinion, and in express terms provides for judgment for default to serve copy of affidavit of defence, and the *per curiam* opinion rests the affirmance upon the fact that "the pleadings fail to suggest any defence upon the merits," relating, of course, to the insufficiency of the affidavit.

Referring to the other citations, those by Edwards, P. J., Junior Marion Co. v. Cummings, 20 Lacka. Jurist, 112; s. c., 33 York Leg. Record, 44; by Newcomb, J., Wright Wire Co. v. Levi, 28 Dist. R. 795, both Lackawanna County Common Pleas, and by Garman, J., Luzerne Bank v. Stout, 19 Luzerne Legal Reg. 123; s. c., 26 Dist. R. 1093, Luzerne County, and by McCormick, J., in Glover v. Errich, 30 Dist. R. 720, all expressly hold favorably to plaintiff's contention at bar, quoting from the last opinion, "The mere filing of the affidavit of defence without a service thereof as required by the act is a mere nullity and the defendant is not entitled to the protection which the filing of an affidavit of defence and service thereof affords," and entered judgments because of such default of service of affidavit of defence, although Edwards, J., *ante,* adds: "The further reason that the affidavit, even if it had been properly served, would be utterly insufficient to prevent judgment, were a motion made to that effect." These four decisions are rested solely upon an interpretation of the Practice Act of May 14, 1915, P. L. 483, and did not involve any rule of court. The opinion and decisions of Strauss, J., Walsh v. James, 26 Dist. R. 458, also cited by plaintiff's attorney, is not in point, for there the regularity and efficacy of such service of affidavit only was in question.

The question before us is an interesting one and of vital importance of correct determination, both as a matter of practice and as involving consequences affecting the interests of litigants and responsibility of their attorneys; and we would hesitate long to differ from the conclusions of the able jurists deciding the above cases, except that, after a careful reading and analysis of the Practice Act of 1915 and reference to other decisions, we feel compelled to decide differently, which leads us to a rather extended discussion and fully to express our reasons for dissent.

The judgments expressly authorized against defendant by default by the Act of 1915 are two provided by its 22nd section, viz.: *(a)* "For want of an

2 D. & C.

affidavit of defence;" or *(b)* "for any amount admitted or not denied to be due," where affidavit is filed.

Then follows direction for procedure by the plaintiff by "rule for judgment," . . . "and the court shall enter judgment or discharge the rule, as *justice may require*"—underscoring by us.

The penalty is for not *filing* by the express terms of the act, and no mention is therein of judgment for non-service of the affidavit upon the plaintiff.

Notice by the defendant is required in two instances: *(a)* By the 17th section of the act, by service upon plaintiff of the affidavit of defence; and *(b)* such notice under the 20th section, in cases of counter-claim or set-off claimed by the defendant in his affidavit of defence, in which shall be incorporated the added words, "You are required to file a reply to the within set-off (or counter-claim, as the case may be) within fifteen days from the service hereof," the same as required in the plaintiff's notice of statement filed, requiring the filing of affidavit of defence within the same period after *service* of said statement upon defendants, under section 14. Under these two sections, 14 and 20, both the plaintiff's statement and the defendant's affidavit of defence must have such notices respectively endorsed thereon, to be followed by signature of attorney or party and address of the party making the service and giving such notices. The endorsement upon the affidavit, under the 17th section, is only of the name of attorney or party and address; obviously so, because, in the absence of averment of set-off or counter-claim, nothing further is required of the plaintiff; for the reason that, as provided by the 6th section of the act, the pleadings are complete, "are closed and the case shall be deemed at issue, and no replication or formal joinder of issue shall be required." The case is then ready for trial, subject to the rights of the plaintiff to object to the regularity of execution, omission to file or insufficiency of allegations of the affidavit of defence.

It is evident the purpose of service and motion under the 14th and 20th sections is to require the affidavit of defence by the defendants and the replication by the plaintiffs, respectively, to be filed within the fifteen days, endorsed, under the penalty of judgment in default against the former, or *non pros.* against the latter, if omitted, if called for or not waived. By them the duty is distinctly set forth and the penalty for omission by either in the 21st section.

Certainly no similar purpose can be attributed to the requirement of service, under the 17th section, of the affidavit of defence on the plaintiff, as no necessity for response exists. True, it must be served again, we add, unless waived. As to time when, the act is silent. The plaintiff's attorney, to the contrary, asserts "within fifteen days from the day the statement is served" upon the defendant. While the last quotation and that relating to service of the affidavit of defence, viz., "It shall be served upon the plaintiff or his attorney, . . ." etc., are both in the 17th section, they are partial quotations of separate, distinct and complete sentences, commencing with capital letters and each terminating with a period, with two separate like sentences intervening.

We are of the opinion it would be a strained construction and unauthorized to impliedly from this first sentence substitute from, and read into, the fourth the limiting words "within fifteen days from," etc., and make them apply to the "service" as well as the filing of the affidavit of defence.

Strauss, J., in his opinion in 26 Dist. R. 458, and Newcomb, J., in 28 Dist. R. 795, set forth, and we think correctly, the purpose of this provision for service thus, "to provide a means of giving information to the plaintiff of the

facts and substance of the affidavit," to which we will also add, that, if defective or irregular, he may avail himself of the provisions of section 26 to have it stricken from the record.

True, if occasion warrants, punctuation may be disregarded in a statute: see authorities cited, 8 Vale Dig., col. 24,834; but we here adhere to it as reconciling the various provisions that they may stand together and yet each operate within its own field: Com. v. Marks, 248 Pa. 518; Bordentown Banking Co. v. Restein, 214 Pa. 30 (33); in which we believe we have placed a reasonable meaning upon all the language under consideration, giving force and effect to all; each logical in itself and consistent with that given to every other within the principle of Turnpike Road Co. v. County, 228 Pa. 1. Further, against the inference that might be claimed that the 27th section, giving the court power to extend the time *fixed* by the act for the *service* as well as the "filing" of any pleading, implies that the fifteen days for "filing" extends to "service" of affidavit and plaintiff's reply as well, for they are the only "pleadings" to which provisions for service apply; but this is clearly negatived by the authority to the Common Pleas to make such rules as they deem advisable for the proper enforcement of the act; and upon the point at bar it is apparent that in Philadelphia County such rule is in force and was given effect in the decisions of Spinelli v. Costello, 30 Dist. R. 411, affirmed in 271 Pa. 204, where the court rule quoted provides for a default judgment after forty-eight hours *after* the affidavit is *filed,* and in that case it was not filed until five days after the expiration of the time limit of the Practice Act of 1915.

Our views thus expressed are also contrary to Glover v. Errich, 30, Dist. R. 720, cited in support of the present motion.

In support of our conclusion that the mere filing of an affidavit of defence, either within the statutory period or afterwards, but before judgment in default is actually taken or moved for, is sufficient to forbid our entering such, we refer to Fuel City Manuf. Co. v. Waynesburg P. C., 268 Pa. 441 (446), and citations. This decision was under the Practice Act of 1915.

It is held in Com. v. Bailey, 20 Pa. Superior Ct. 210 (216): "Where terms and modes of expression are employed in a new statute, which at the time of its enactment had acquired, by judicial construction, a definite meaning and application in a previous statute on the same subject, they are generally supposed to be used in the same sense, and, in the construction of the later act, regard should be had to the known and established interpretation of such terms and modes of expression in the former."

The present is as plain a case as the above for the application of this principle, and we are compelled to hold that, under the Practice Act of 1915 as well as under the phraseology of the previous Act of May 25, 1887, P. L. 271, practically identical in phraseology on this point, a judgment against the defendant on the present rule would be "unauthorized and a nullity," as was said under the 1887 Act, where the affidavit of defence was not yet filed, but presented to be filed in Bordentown Banking Co. v. Restein, 214 Pa. 30 (34).

By reference to Rapalje's and Bouvier's Law Dictionaries, Webster Dictionary and Words and Phrases, "quash" and "motion to strike off," their meaning and effect are substantially identical.

This makes the decision of Powell v. Perkins, 211 Pa. 233 (237), additional authority that we cannot strike off the affidavit of defence at bar, for here, we having held it was filed prior to judgment asked for, it is regular, and serves its purpose of protecting the defendant against judgment by default.

As we have interpreted the Act of 1915 relating to service of the affidavit,

2 D. & C.

it is silent as to when or within what period it must be done, and, in the absence of any rule of court in this county, we are of the opinion it must be before the plaintiff has acted, or omitted to act, based upon a legal objection to the want of such service, which is out of this case; and, again, as the act is silent as to the manner of service and kind of service which would give the notice to the plaintiff of such matters as indicated by Judges Strauss and Newcomb, *ante*, [the service] would be sufficient. For that reason, we hold the sending by mail to plaintiff's attorney of the "copy," the receipt of which is acknowledged by him in his letter to defendant's attorney, dated June 22, 1922, and at the argument agreed to be considered by the court upon these rules, being seven days prior to the date of the *jurat* of the affidavit and petition for such rules, is sufficient notice, as offering information to the plaintiffs upon which they may, if desired and any reason therefor exists, avail themselves of the 26th section of the act by "motion to strike from the record," or, as we have already said, "quash" the affidavit, if it is not in conformity with the statute, and which they may legally defer until such notice is given. This construction, we think, gives logical effect to this provision of the statute and consistent with the remainder. The distinction between what is ground for "striking out" or "quashing" and those for relief against defective, irregular and illegal "service," or absence thereof, is made clear in Powell *v.* Perkins, 211 Pa. 233.

For the reasons above stated, we are satisfied that to make either of the rules at bar absolute on the grounds set forth in plaintiff's petition would be manifest error and subject to reversal on appeal; and, therefore,

Now, to wit, Aug. 26, 1922, both rules are discharged and exceptions noted and bill sealed for the plaintiffs.

From Gerritt E. Gardner, Montrose, Pa.