## Werner et ux. v. Clingerman

*Joseph A. Beck* and *Bowman & Bowman*, for plaintiffs.

*Christian P. Humer* and *Frederick J. Templeton*, for defendant.

*Robert Lee Jacobs*, for sheriff.

REESE, P. J., December 1, 1936.—This matter comes before the court on defendant's rule to set aside the service of the summons and the sheriff's return thereof. On August 4, 1936, an action was instituted by plaintiffs to recover damages alleged to have resulted from an automobile accident that occurred in this county on August 14, 1934. Defendant is a resident of the State of Maryland. The sheriff's amended return reads as follows:

"The defendant, Earl Clingerman, being a non-resident of the Commonwealth of Pennsylvania, I served the within writ by mailing a true and attested copy of the same to the Secretary of Revenue of Pennsylvania by registered United States mail, postage prepaid (return receipt card requested), and the process receipt of acceptance of service of the said Secretary of Revenue and the registry return receipt card is hereto attached (This service was made at least 15 days before the return date of the writ). I further served the said writ by mailing by registered United States mail, postage prepaid (return receipt card requested), a like true and attested copy of the original to Earl Clingerman, defendant, at R. D. No. 2, Cumberland, Maryland; this copy also had attached to it a copy of the process receipt of acceptance of service by the Secretary of Revenue. The return registry receipt card is likewise hereto attached.

"So answers,
"JAMES C. LINDSEY,
"Sheriff."

An appearance d. b. e. was entered for defendant, and we are now called upon to determine whether the service of process and the return thereof should be set aside.

The Act of May 14, 1929, P. L. 1721, as amended by the Act of April 24, 1931, P. L. 50, and the Act of May 16, 1935, P. L. 174, provides for the service of process in an action against a nonresident owner or operator of a motor vehicle as follows:

"Such process shall be served, by the officer to whom the same shall be directed, upon the Secretary of Revenue

of the Commonwealth of Pennsylvania, by sending by registered mail, postage prepaid, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon said Secretary of Revenue, addressed to such defendant at his last known address. The registered mail return receipts of the Secretary of Revenue and of such defendant shall be attached to and made a part of the return of service of such process."

This court heretofore, in Sampson v. Kelly, September term, 1932, no. 111, said:

"To determine whether or not all the requirements of the foregoing act, authorizing service upon a nonresident, have been complied with, we must be guided by the sheriff's return. It is well settled that the return, especially in cases of substituted service, must show on its face strict compliance with all the requirements of the act authorizing the service, and unless the statutory mode of service is observed, the service is invalid and should be set aside: Veratti v. Salvatore, 13 D. & C. 226; Powell v. Perkins, 211 Pa. 233, 237; Patton on Penna. Common Pleas Practice, 2d ed., pages 61, 64, 67."

To the same effect is Lewis v. James, 19 D. & C. 16, which likewise involved the Act of 1929 and its amendments, supra.

Defendant in this case contends that the sheriff's return is defective for the reason that it fails to state the date upon which service was made. It is true that the Act of 1929 provides that service shall be made at least 15 days before the return day of the summons. The sheriff's return recites that service was made within that period.

The Act of June 13, 1836, P. L. 568, sec. 38, as amended by the Act of July 10, 1935, P. L. 643, provides:

"The sheriff or other officer serving any writ of summons, shall in all cases state in his return, the time, both

the day and the hour, the place, and manner in which the service thereof was made".

It follows, therefore, that, although the sheriff's return showed compliance with the Act of 1929 and its amendments, supra, by stating that the service was made within 15 days before the return day, it is defective under the Act of 1836 and its amendments, supra, by failing to state the exact time at which service was made.

The Act of 1929 and its amendments, supra, require that the sheriff mail to defendant a true and attested copy of the summons, "with an endorsement thereon of the service upon said Secretary of Revenue." It appears from the sheriff's return that he did not comply strictly with this requirement, but that he attached to the copy of the summons sent to defendant a copy of a "process receipt" issued from the office of the Secretary of Revenue, reciting an acceptance of service of the summons by the Secretary of Revenue. It is contended by defendant that attaching such "process receipt" is not an "endorsement" required by the statute.

Webster's New International Dictionary (2d ed.) defines "endorsement" as "That which is written on the back of a note, bill, or other paper." The closest analogy we have been able to find is the requirement by section 10 of the Practice Act of May 14, 1915, P. L. 483, that a statement of claim shall be endorsed in the manner prescribed by the act. Speaking of the "endorsement" required by the Practice Act on a plaintiff's statement of claim, the Superior Court, in Dick v. Forshey, 71 Pa. Superior Ct. 439, 442, 443, said:

"We do not deem it necessary to consider whether the endorsement required by the statute must be made by printing or writing on the back of the summons. The derivation of the word and its popular use would point to the conclusion that such was the form in which the notice was to be served."

In Kester v. Church, 21 Luz. L. R. Rep. 251, the court said that "the 10th section of the Practice Act requires the notice to be endorsed, which means written on the back instead of on the face of the statement."

We are, therefore, forced to conclude that attaching the "process receipt" showing service upon the Secretary of Revenue is not an "endorsement" upon the summons showing the service thereof upon the Secretary of Revenue. This may seem to be a highly technical distinction; but, as we have already pointed out, the Act of 1929 and its amendments, supra, must be strictly complied with, and its various provisions are mandatory.

In setting aside the service of summons and the sheriff's return, we are not prejudicing the right of plaintiffs to continue the action which they have instituted, for they still have ample time, according to Prettyman v. Irwin, 273 Pa. 522, to issue an alias summons which may be served in strict accordance with the Act of 1929 and its amendments.

And now, December 1, 1936, the rule to set aside the service of summons and the sheriff's return thereof is hereby made absolute.