# THE SUPREME COURT

OF

## PENNSYLVANIA.

EASTERN DISTRICT—MARCH TERM 1852.

PHILADELPHIA.

## Spring Garden *versus* Wistar.

By the 7th section of the Act of 12th March, 1830, the Commissioners of the District of Spring Garden in the county of Philadelphia, were authorized to cause Broad street from Callowhill street to the Ridge Road, to be paved, the expense thereof to be assessed on the owners of lots bounding thereon, in proportion to their respective fronts, *without any application for such improvement having been made by a majority of the owners of lots on said street.*

ERROR to the District Court, *Philadelphia.*

This was a case stated between the Commissioners of Spring Garden, as plaintiffs, and Richard Wistar, defendant. The Commissioners of the district of Spring Garden, during the summer and fall of 1846, and spring of 1847, paved Broad street, in the district of Spring Garden, from the intersection of Broad and Callowhill streets, to the Ridge road, by virtue of a power supposed to have been conferred upon them by the 7th section of the Act of March 12, 1830. *Pamphlet Laws* 427.

No application for paving had been made to the Commissioners by the owners of the real estate fronting on said street; and the space paved (all of which was done at one time), extended along more than two squares.

Richard Wistar was the owner of the lot of ground located between the intersection of Callowhill and Broad streets and the Ridge road.

(195)

[Spring Garden *v.* Wistar.]

The quantity of paving laid in front of the said real estate to the middle of Broad street, was duly assessed against the same by the Commissioners of Spring Garden, and claimed as a lien against the said lot of ground. Payment being demanded and refused, a claim was filed in the office of the District Court for the city and county of Philadelphia, within six months after the assessment of the Commissioners, the value of which work is now sought to be recovered : the claim made being for $833.

A case was stated as follows :

It is agreed that Richard Wistar is the owner of a lot on Broad street, and at the south-west corner of St. Andrew street, in the district of Spring Garden, embraced and described in the lien filed in the District Court to September Term, No. 40, (M. L. D.,) amounting to $833, with interest, from the 6th day of April, 1847, and also commissions for collection, at the rate of three per cent.

It is also agreed that the plaintiffs caused the said Broad street, in front of the premises owned by the said Richard Wistar, and described in the lien filed in No. 40, to be paved in April, 1847, and that the expense thereof is the aforesaid sum of $833.

It is also agreed, that no application was ever made to the Board of Commissioners of said district, by a majority of the freeholders holding property on Broad street, in the squares in which said property of Richard Wistar is situate, asking that the cartway of the same should be paved, according to the provisions of the 21st section of the Act of Assembly of the 23d March, 1813.

It is also agreed, that on the 12th day of March, 1830, an Act was passed by the legislature, the 7th section of which provides : "That the Commissioners of the district of Spring Garden be, and they are hereby authorized to open Broad street, from the intersection of Callowhill and Broad streets to the Ridge road, of the same width as it now is between Vine and Callowhill streets, and cause the same to be levelled and paved as soon as may be ; the expense and cost of the same to be assessed and paid in like manner, and under the same regulations as are now in force and provided for levelling and paving streets within the said district."

It is also agreed, that the portion of Broad street embraced in lien No. 40, is situate between the intersection of Callowhill and Broad streets and the Ridge road, and that the said lot was paved after the passage of said Act of March 12, 1830.

The question submitted is, whether the said Richard Wistar is liable for the cost and expense embraced in the said lien.

If the Court should be of opinion that he is, then judgment to be entered for the plaintiffs ; if otherwise, then judgment for the defendant.

Judgment was entered in the District Court for the defendant.

It was assigned for error, that the Court erred in deciding the

[Spring Garden *v.* Wistar.]

point submitted in the case stated in favor of the defendant, to the effect that plaintiffs were not entitled to recover the value of the paving done by them in front of the defendant's property, as specified in the claim as filed.

The 21st section of the Act of incorporation of the district, passed on 22d March, 1813, provides, "That the Commissioners shall have full power and authority, and they are hereby directed upon an application of a majority of the freeholders, holding property on any street, road, lane, court, or alley, surveyed and regulated as aforesaid, within the said district, to pitch and pave the cartway thereof, agreeably to said regulation: Provided, that not more than two squares shall be included in any one application: and to tax the owners of the lots of ground bounding thereon, to defray the expense thereof, in proportion to their respective fronts therein."

The case was submitted on printed arguments.  *Price, Allison,* and *Bethell,* being for plaintiffs in error:

*J. W. Ashmead,* for Wistar, the defendant.

The opinion of the Court was delivered, March 29, 1852, by

Lowrie, J.—In the Act of incorporation of Spring Garden (1813, s. 21), the Commissioners are "authorized and directed," on application of a majority of the lot-holders along the part where paving is desired, to pave the cartway of any street, and to tax the expense on the lot-holders. Under this provision, Broad street would have been paved fifty feet wide.

But no paving having been done under this law, on that part of Broad street now under consideration, another law was passed (12th March, 1830, s. 7), which "authorized" the Commissioners to open it 120 feet wide, and cause it to be paved as soon as conveniently may be; the expense to be assessed and paid in like manner, and under the same regulations then in force under former laws. Under this Act the Commissioners proceeded to open the street 120 feet wide, and paved it without any application from the lot-holders, and assessed on each lot-holder his share of the expense; and the question is, are the lot-holders liable without having applied for the paving?

It is perfectly apparent that the law of 1830 authorizes the widening of Broad street, and the paving of the increased width, and charging the expense on the lot-holders; and, therefore, a sufficient object appears for the passage of the law. But the existence of one or more objects in the passage of a law does not of itself exclude the existence of other objects, and an examination of its provisions may prove that its purposes are more extensive.

There is another purpose manifested by the terms of the law of

R 2

[Spring Garden *v.* Wistar.]

1830, and this purpose operates to change the law of 1813. By the first law, the Commissioners are "directed" to pave any street, on the application of the lot-holders; by the second they are "authorized" to pave Broad street, as soon as conveniently may be. The difference is striking, and we desire not to waste words in pointing it out. In the first case, duty, without discretion, is imposed upon the Commissioners when the lot-holders make application, in the second, they have authority, with discretion as to time. To "direct" is to exclude, and to "authorize" is to allow discretion. In the first case the lot-holders, and in the second the Commissioners, decide as to the proper time for doing the paving; and in both, the duty is imposed upon the lot-holders to pay the expense.

This is the plain sense of this part of the law, and the subsequent provision, directing that the expense shall be assessed and paid in like manner, and under the same regulations as are provided by former laws, does not raise any difficulty in the way of this construction. The manner in which, and the regulations by which, payment of the expense is to be enforced, do not at all depend upon, and are not affected by, the source of the authority to pave. When the paving is done under proper authority, the duty to pay may be enforced in the manner and form prescribed.

It is no greater hardship on the majority of the lot-holders, to be compelled to pay for paving directed by the corporate authorities, than on the minority to be compelled on the demand of the majority. But it would be a very great wrong, that the lot-holders on a part of Broad street should have their street paved at the expense of the other lot-holders of Spring Garden, who have themselves been compelled to pay for the paving of their own streets. In the second section of the same Act of 1830, a part of the Ridge Road is ordered to be paved without any application to the lot-holders, and yet they are required to pay the expense; and the plaintiff's counsel refer to other similar Acts.

In the present case, the Commissioners of Spring Garden were to pave when they thought proper, without the formal application of lot-holders required by former laws; and the expense is to be paid by the owners of the lots where the improvement was made; and so the Court below should have decided.

Judgment reversed, and judgment in favor of the plaintiffs below on the case stated.