# Dick, Appellant, *v.* Forshey.

*Practice, C. P.—Practice Act of 1915, Section 10—Endorsement of statement of claim.*

A writing attached to a plaintiff's statement in the following form "You are hereby notified to file an affidavit of defense to the within action against you within fifteen days after the service of the summons upon you" is not such a compliance with the provisions of Section 10 of the Practice Act of 1915 as would entitle the plaintiff to judgment, in default of an affidavit of defense.

The purpose of the legislature in enacting the tenth section of the Practice Act of 1915 was manifestly to secure uniformity and regularity, with respect to the notice necessary to place the defendant in default, in case of his failure to present his defense, and it is to be presumed that in selecting the very words of the endorsement, importance was attached to them, according to their signification, and that they were used advisedly.

Argued Oct. 29, 1918. Appeal, No. 153, October T.; 1918, by plaintiff, from decree of C. P. Huntingdon Co., Feb. T., 1918, No. 28, striking off judgment in case of Nancy Dick v. James L. Forshey. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

440 DICK, Appellant, *v.* FORSHEY.

Rule to strike off judgment. Before BAILEY, P. J.

The opinion of the Superior Court states the case.

The court made absolute the rule to strike off judgment.

*Error assigned* was the order of the court.

*Howard L. Henderson,* for appellant.—The notice on the plaintiff's statement was substantially a compliance with the Practice Act: Coolbaugh v. Herman, 221 Pa. 496; Apollo Boro. v. Clepper, 44 Pa. Superior Ct. 396; Gorman v. Hibernian B. & L. Assn., 154 Pa. 133; Tobey v. Lennig, 14 Pa. 483; 29 Cyc. 1117; 32 Cyc. 457; Este v. Penna. R. R. Co., 27 Pa. Superior Ct. 521; Thaler v. Griesser Construc. Co., 40 Pa. Superior Ct. 331; Day v. Pennsylvania R. R. Co., 35 Pa. Superior Ct. 586; Old Forge Boro. v. Foley Est., 67 Pa. Superior Ct. 125.

The judgment was regular 'and should not have been stricken off: Flaccus Leather Co. v. Heasley, 50 Pa. Superior Ct. 127; Sweigart v. Conrad, 12 Pa. Superior Ct. 108; Com. v. Dishebegar, 67 Pa. Superior Ct. 344.

*Wm. Walter Chisolm,* for appellee.

OPINION BY HENDERSON, J., April 21, 1919:

The Act of May 14, 1915, P. L. 483, prescribes the procedure to be observed in actions of assumpsit. The first section declares, "The procedure shall be as herein provided." Section ten provides that the statement of claim shall be endorsed as follows: "To the within defendant: You are required to file an affidavit of defense to this statement of claim within fifteen days from the service hereof." The notice given to the defendant was not endorsed on the statement but was attached thereto by a rivet or metallic fastener and was in the following form: "You are hereby notified to file an affidavit of defense to the within action against you within fifteen days after the service of the summons upon you." The notice,

439, (1919).]          Opinion of the Court.

as will be observed, departs from the form prescribed in the act of assembly in the use of the word "notified" instead of "required," in calling for the filing of an affidavit of defense "to the within action against you" instead of "to this statement of claim" and in limiting the time within which an affidavit of defense must be filed to "fifteen days after the service of the summons upon you" instead of "fifteen days from the service hereof." While conceding that the notice is not endorsed on the statement of claim in a technical sense and that the notice is not in the words used in the statute it is contended that there has been substantial compliance with the requirements of the act and that the court below was in error in striking off the judgment. We are to inquire therefore, whether the doctrine of substantial compliance meets the requirements of a statute which prescribes a literal form and whether conceding that that might be the case there has been a substantial compliance. The purpose of the legislature in enacting the tenth section of the statute was manifestly to secure uniformity and regularity with respect to the notice necessary to place the defendant in default in case of his failure to present his defense. It takes the place of rules of court and prior legislation on the subject and puts in exact form the notice to which the defendant is entitled. But for this prescription of form such a variety of terms would probably be used as would lead to litigation on the question of sufficiency and would subject litigants to vexation and the courts to the consideration of unnecessary and unprofitable controversy. It is to be presumed that in selecting the very words of the endorsement importance was attached to them according to their signification and that they were used advisedly. Has the word "notified" as used by the plaintiff the same significance as the word "required" as found in the statute? To notify is to inform; to make known. To require is to demand authoritatively; to find indispensable. It implies as used in the statute liability to

prejudicial consequences if the notice be disregarded and is, therefore, an imperative term. To notify is a less formidable expression and might be very differently regarded as to its legal effect. It was the apparent intention to have information given to the defendant that it was obligatory on him to cause his affidavit of defense to be filed within the prescribed time if he would avoid the consequences.

The affidavit of defense is to be filed to the statement of claim but the defendant was notified to file an affidavit of defense to the "within action" within fifteen days after the service of the summons. This might require the defendant to file his affidavit before the statement of claim was filed. The action is one thing; the statement of claim, another. The former is the legal procedure by which the plaintiff's right is asserted. The latter is the statement of the facts on which he bases his claim. The statute does not require an affidavit to the action but to the statement of claim. We are unable to view the notice by the plaintiff in any light in which it can be held to be the equivalent of that prescribed in the Procedure Act. It was not necessary that the defendant file his affidavit until the statement of claim had been placed upon the record and the time of the service of the summons has no legal relation to the time of filing the statement of claim. In its form, therefore, the notice called on the defendant to do something which the statute did not require. It may be that in this case the summons and statement of claim were served at the same time, but the difference between the service of a summons and the service of a statement of claim is obvious. One is not the equivalent of the other. Whether the defendant understood the meaning of the word "summons" we of course do not know, but it is not an extreme supposition that he may have regarded the word as indicating some future legal procedure. We do not deem it necessary to consider whether the endorsement required by the statute must be made

by printing or writing on the back of the summons. The derivation of the word and its popular use would point to the conclusion that such was the form in which the notice was to be served. It would thus be conspicuously presented to the attention of the defendant and the information that it conveyed thus more promptly communicated to him. Our conclusion, however, is based on what we regard as the insufficiency of the notice as given by the plaintiff. As we read it it has not necessarily the same meaning as the notice prescribed in the statute, if the form there prescribed may be departed from to any degree. The notice to the defendant appearing on the record being insufficient the judgment was irregularly entered and was properly stricken off by the court.

The judgment is affirmed at the cost of the appellant.