## Kemp v. Kemp.

*Divorce—Statutes—Strict compliance.*
1. Proceedings in divorce are statutory throughout. In each step in divorce proceedings the statute should be strictly followed.

*Divorce — Subpœna — Signature by the court—Allowance of subpœna—Return—"Non est inventus"—Acts of March 13, 1815, and March 19, 1923.*
2. The signing by the court of an order awarding a subpœna in divorce is a substantial compliance with the acts of assembly, including the Act of March 19, 1923, P. L. 20, which provide that the subpœna shall be signed by one of the judges of the court out of which it issues.
3. A return of *non est inventus* upon a subpœna and *alias* subpœna in divorce, without showing that the respondent could not be found in the county, is not a proper return. The court may, however, permit the sheriff to make a proper return *nunc pro tunc.*

*Divorce — Notice — Proclamation—Publication—Legal periodical—Words and phrases—"Direct" and "require"—Acts of March 13, 1815, and April 5, 1917.*
4. The requirement of the Act of April 5, 1917, P. L. 49, that certain notices must be published in the legal periodical of the county may be dispensed with by special order of court.
5. While the 3rd section of the Act of March 13, 1815, 6 Sm. L. 286, 287, provides that the sheriff shall cause notice to be published "requiring the said party" to appear, a proclamation of the sheriff which "directed" the respondent to appear is a substantial compliance with the act of assembly.

Exceptions to report of George R. Barnett, Esq., master in divorce. C. P. Dauphin Co., Sept. T., 1920, No. 615.

*Philip S. Moyer,* for libellant.

HARGEST, P. J., Feb. 11, 1924.—This case comes before us upon exceptions to the master's report. The subpœna was signed by the prothonotary and not by the court. The subpœna and *alias* subpœna were returned *"non est inventus."* The proclamation was not printed in the Dauphin County Reporter. It was printed in one newspaper and "directed" the respondent to appear at court on the third Monday of March, 1921, and answer the complaint. The master made an elaborate report in the alternative, to the effect that if the return to the subpœna was sufficient to authorize the issuance of the *alias,* and the *alias* sufficient to authorize the publication and the notice published in compliance with law, then the court has jurisdiction, and, in that event, the divorce should be granted.

Section 2 of the Act of March 13, 1815, 6 Sm. Laws, 286, provides that the subpœna shall be issued from the court, "signed by one of the judges thereof." This act was amended by the Act approved May 11, 1921, P. L. 499, which provides that all subpœnas in divorce shall be signed by the prothonotary; but the Act of March 13, 1815, was again amended by the Act approved March 19, 1923, P. L. 20, in which the original language of the Act of March 13, 1815, requiring the subpœna to "be signed by one of the judges thereof," is re-enacted. So that the statutory law remains as it was prior to the Amendment of 1921; but in Wagner v. Wagner, 24 Dauphin Co. Reps. 147, 30 Dist. R. 254, we held that the signing by the court of an order awarding a subpœna is a substantial compliance with the acts of assembly which provide that the subpœna shall be signed by one of the judges of the court out of which it issues.

Section 3 of the Act of March 13, 1815, provides: "If, upon the return of said subpœna, proof shall be made that the said party could not be found in the said county, an *alias* subpœna shall issue."

It also provides that if, on the return of the *alias* subpœna, proof shall be made that the said party could not be found in said county, the sheriff of the same shall cause notice to be published in one or more newspapers printed within or nearest said county." The returns in this case are "*non est inventus*," sworn to by the deputy sheriff. While subsequent legislation (Act of May 8, 1919, P. L. 164, and Act of March 19, 1923, P. L. 20) indicates that a return of *non est inventus* may be made to the subpœna and *alias* subpœna, this court, in the case of Dalton v. Dalton, No. 917, June Term, 1922, called attention to the fact that the statute should be strictly complied with. In that case an order was made permitting the sheriff to make a return *nunc pro tunc*, in the language of the statute. Similar orders are presented in this case, permitting the sheriff to make the proper return to the subpœna and *alias* subpœna, which orders we have made as of the date when they were presented to us.

The record in that respect having been corrected, there still remains the fact that the proclamation was not published in the Dauphin County Reporter, which is designated as the legal periodical in this county. Such publication is required by the 1st section of the Act of April 5, 1917, P. L. 49, "unless dispensed with by special order of court."

In Mertz v. Mertz, 25 Dauphin Co. Reps. 169, 1 D. & C. 751, we said, March 3, 1922: "This act of assembly provides that the court may dispense with the publication by special order. Therefore, to prevent any confusion or hardship, the court will dispense with the publication in the Dauphin County Reporter in every case in which proclamations have heretofore been awarded."

This proclamation, having been made prior to the order in the case of Mertz v. Mertz, came within the terms of this order, but the libellant asked us on Dec. 6, 1923, to make a special order dispensing with publication in the Dauphin County Reporter, which we have done.

The 3rd section of the Act of March 13, 1815, provides that the sheriff shall cause notice to be published requiring the said party to appear. The proclamation of the sheriff in this case "directed" the respondent to appear. The master raises the question whether the use of the word "direct" instead of "require" is a substantial compliance with the act of assembly. We think it is. It is often used as synonymous with "command" or "order:" Spring Garden Commissioners v. Wistar, 18 Pa. 195, 198; People v. Guggenheimer, 59 N. Y. Supp. 913, 922; Potter's Executors v. Adriance, 44 N. J. Eq. 14, 17, 14 Atl. Repr. 16; Collister v. Fassitt, 39 N. Y. Supp. 800, 801; Upshur v. City of Baltimore, 51 Atl. Repr. 953, 958, 94 Md. 743.

In the dictionaries, one of the meanings of "direct" is uniformly stated to be that of "order" or "command." In the Standard Dictionary it is defined: "To instruct or guide with authority; order; command." "To require" is quite different from "to notify;" and the case of Dick v. Forshey, 71 Pa. Superior Ct. 439, which holds that "notify" is not synonymous with "require," cannot control this case.

Having allowed the various amendments to which we have referred, we think the record is cured, and we agree with the master that the testimony makes out a cause of divorce. But it took three amendments and an interpretation of language which the statute did not provide for to cure it.

Proceedings in divorce are statutory throughout: Kerr v. Kerr, 216 Pa. 641, 644. The statute should be strictly complied with. We take occasion to again call to the attention of the bar and of the sheriff that in each step in the divorce proceedings the statute should be strictly followed.

4 D. & C.

Now, Feb. 11, 1924, the report of the master, in so far as he recommends that the decree be granted, is approved, and a decree will be signed upon the payment of costs, on the application of counsel.

From Sidney E. Friedman, Harrisburg, Pa.