## Wagner Bros. Co. v. Douglas. No. 1.

*Statement—Endorsement on—Sufficiency of—Sufficiency of verification of statement—Practice Act of May 14, 1915.*

1. An endorsement on a statement sufficiently complies with the Practice Act of May 14, 1915, P. L. 483, which follows the exact wording required by the act, but with the word "hereby" inserted before the word "required," and the words "date of" before "service," and the statement will not be stricken off as improperly endorsed.

2. It is not necessary for the verification of a statement by an officer of the plaintiff, who alleges that he has knowledge of the facts, to aver that he had authority from the corporation to make the affidavit to it required by the Practice Act.

Rule to strike off plaintiff's statement. C. P. Lancaster Co., May T., 1924, No. 29.

*J. Andrew Frantz* and *J. W. Starlings*, for rule; *H. Edgar Sherts*, contra.

HASSLER, J., July 5, 1924.—The first reason given why we should strike plaintiff's statement from the record is that it is not "endorsed in accordance with the requirements of section 10 of the Practice Act of May 14, 1915, P. L. 483."

That act requires that a statement of claim shall be endorsed as follows: "To the within defendant: You are required to file an affidavit of defence to this statement of claim within fifteen days of the service hereof." The endorsement on the statement of claim in this case is as follows: "To within named defendants: You are *hereby* required to file an affidavit of defence to this statement of claim within fifteen days from the *date of* service hereof." The only difference is that the three words in italics appearing in the endorsement on this statement are not required to be in it by the act of assembly.

In Dick *v.* Forshey, 71 Pa. Superior Ct. 439, it is decided that a judgment for want of an affidavit of defence must be stricken off when the endorsement on the statement of claim is not in the language required by section 10 of the Act of May 14, 1915, P. L. 483, because the purpose of the act is "manifestly to secure uniformity with respect to the notice necessary to place the defendant in default in case of his failure to present his defence." Consequently, the words of the endorsement required by the act must be used. The endorsement used in that case was as follows: "You are hereby notified to file an affidavit of defence to the *within action* against you within fifteen days *after* the service of the *summons upon you.*" The words in which this endorsement differs from that required by the act of assembly are in italics. It is clearly pointed out by Judge Henderson, in delivering the opinion of the court, that this endorsement did not give the defendant the notice required by the Practice Act, as that act required him to file an *affidavit* of defence to the statement and not to the *within action*, and to file it within fifteen days from the date of service of the statement of claim, and not fifteen days *after* the service *of the summons*, and that, therefore, he was not in default in not filing an affidavit of defence, and that the judgment should, therefore, be stricken off. The endorsement in the present case uses the exact words required by the act of assembly, with the word "hereby" inserted before the word "required," and the words "date of" before "service." These added words in no sense affect the terms of the notice in the endorsement, which, as we have said, uses the exact language required by the act of assembly. It, therefore, in our opinion, is sufficient. The application in this case is not the same as that in Dick *v.* Forshey, 71 Pa. Superior Ct. 439, where a judgment was entered by default when the defendant did not have proper notice to file an affidavit of defence.

The objection made here is purely technical, and does not question the sufficiency of the notice served on the defendant.

The other reasons contained in the motion to strike off the statement hardly require consideration. The right of defendant to recover does not depend on the alleged conclusion of law contained in paragraph 7 of the statement of claim, but upon the fact that the note was given to it by the defendants for value; it is not necessary for the defendant to state whether it does business in Pennsylvania, as the note was given in Baltimore, Maryland. Nor was it necessary to state that the president of the corporation, who alleges that he has knowledge of the facts, had authority from the corporation to make the affidavit to it required by the Practice Act.

The rule to strike off the statement is discharged and the defendant is permitted to file an affidavit of defence within fifteen days from this date.

From George Ross Eshleman, Lancaster, Pa.