## Diehl v. Stewartstown Railroad Company.

*Practice, C. P.—Pleading—Statement of claim—Trespass—Negligence—Lack of conciseness—Practice Act, 1915.*

1. In trespass for negligence, claims for damages must be itemized and be specific; claims for gross sums disbursed "for doctors, medicine, hospitals, nursing, domestic help," etc., are not within the requirements of the Practice Act of May 14, 1915, P. L. 483.

2. A statement of claim will not be stricken off because of lack of "conciseness," where the attention of the court is not called to the particular lack of conciseness referred to.

3. Where the statement charges negligence arising out of alleged acts of omission, the grounds of complaint must be stated concisely and facts averred sufficient to show that a duty required by law had been violated or neglected by defendant.

*Semble.* This applies to an action against a railroad by a passenger injured in a collision.

*Practice, C. P.—Statement—Endorsement of address.*

4. A plaintiff's statement of claim which does not have endorsed thereon an address within the county where all papers may be served will be stricken off.

Motion to strike off the plaintiff's statement. C. P. York Co., Jan. T., 1924, No. 67.

*William B. Gemmill,* for motion; *Robert S. Spangler,* contra.

Ross, J.—The defendant has filed a motion to strike off the statement filed by the plaintiffs in this case for the following stated reasons:

"1. The plaintiff's statement does not contain an endorsement of an 'address within the county where all papers are to be served,' as required by section 9 [10] of the Practice Act of May 14, 1915, P. L. 483."

An inspection of the statement shows that the exception is well taken.

The requirement of section 10 of the Practice Act of 1915 is that the statement of claim shall be endorsed as follows: "To the within defendant: You are required to file an affidavit of defence to this statement of claim within fifteen days from the service thereof. The notice shall be followed by the name of the plaintiff's attorney, or by his own name, if he sues in person, and an address within the county where all papers are to be served."

The purpose of this section is "to secure uniformity and regularity with respect to the notice necessary to place the defendant in default in case of his failure to present his defence, and it is to be presumed that, in selecting the very words of the endorsement, importance was attached to them according to their signification, and that they were used advisedly:" Dick *v.* Forshey, 71 Pa. Superior Ct. 439.

It was held by this court in the case of Bittner *v.* City of York, 34 York Leg. Record, 173, 30 Dist. R. 956 (opinion by Judge Wanner), that the failure to endorse upon the plaintiff's statement "an address within the county where all papers are to be served," as required by the (10th section) "9th section" of the act, is sufficient cause to strike off. That case referred to the case of Frontier Press Co. *v.* Garman, 28 Dist. R. 1033.

The plaintiff being remiss in this requirement, the exception is sustained.

The second reason given for striking off the statement is entirely too general. It does not deserve any discussion, because the attention of court is not called to the particular lack of "conciseness" which is referred to.

The third reason in support of the motion is well taken. It reads as follows:

"The said statement does not so separate and itemize the several elements of plaintiff's claim as to inform the defendant of their precise nature and extent. In this case the plaintiff claims a gross sum in damages, which is

Diehl v. Stewartstown Railroad Company.

alleged in their statement to cover and include 'large sums of money for doctors, medicines, hospitals, nursing, domestic help, etc., and will be compelled to spend large sums of money for like purposes in the future for an indefinite period.' There is no specific amount paid for each of the above named items; to whom they were severally paid; nor is there any allegation of the value of the wife's services."

The ninth and tenth paragraphs of the plaintiff's statement aver "that, as a result of the said occurrence, he (one of the plaintiffs) has been compelled to expend large sums of money for doctors, medicines, hospitals, nursing, domestic help, etc., and will be compelled to spend large sums of money for like purposes in the future."

It is necessary, under the Practice Act of 1915, to set forth the amounts paid to the parties who, it is alleged, were paid as a result of the alleged accident, if an effort be made to collect those sums as part of the damage, for the defendant is entitled to know this so that he may be able to answer intelligently what items he can admit and what he will contest.

It has been held by the courts that, under the Practice Act of 1915, "the plaintiff's statement must be a bill of particulars in an action of trespass as well as in an action of *assumpsit*."

The provisions of section 13, relieving defendants from filing an affidavit of defence denying certain allegations as to the damages claimed, do not relieve the plaintiff from the duty of giving a detailed statement of the damages claimed, as section 5 of the act provides. The primary object of requiring specific information in such cases is to enable the defendant to make defence thereto at the trial: Smith's Practice Act (supplement), 20, citing Bollinger v. Greenaway, Jr., 3 D. & C. 312; Philadelphia Storage Battery Co. v. Air Reduction Sales Co., 274 Fed. Repr. 216; King v. Brillhart, 271 Pa. 301.

"4. The allegations of defendant's negligence are general and the statement *does not contain any material facts under the circumstances constituting negligence.* The plaintiff's statement does not give any particulars showing negligent operation of the train."

The fourth paragraph of the statement says: "That while she was a passenger in said train, and seated in the passenger coach of same, a freight train, owned and operated by the defendant company, ran into and collided with the coach upon which the plaintiff was a passenger, at or near Ziegler Station, in the said county."

The seventh paragraph states "that defendant was negligent in permitting said freight engine and train to collide with said passenger car."

The eighth paragraph says "that defendant was otherwise careless, reckless and negligent in and about the operation of said trains."

We think the defendant is entitled to a more specific statement of the facts which constituted the negligence, recklessness and carelessness complained of.

The averments of the statement are but assertions of the plaintiff's theory of what constitutes negligence, etc.

"In a suit in trespass, especially where the charge is negligence arising out of alleged acts of omission, the grounds of complaint must be stated concisely and distinctly in the declaration, so that the issue may be formed by a simple plea of 'not guilty.' To do this, facts must be averred sufficient to show that a duty required by law has been breached or neglected by the defendant, and plainly to indicate the causal connection between this breach or neglect and the injury complained of. The declaration must give the defendant clear and exact information of the charges against him, and, although it need not

anticipate defences or aver mere underlying evidential facts, yet the ultimate facts relied upon to show negligence must appear in unequivocal language, and those facts must be such as, standing alone, if not controverted, would entitle the plaintiff to a verdict in his favor:" Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1.

The statement in the case at bar does not meet these requirements; therefore, the fourth reason is sustained.

We think the plaintiff's statement must be stricken from the records because of the defendant's motion and the reasons given in support of said motion.

And now, April 7, 1924, plaintiff's statement of claim is stricken off, with leave to the plaintiff to file a supplemental or amended statement within fifteen days from this date, in accordance with the requirements of the Practice Act, 1915.                    From Richard E. Cochran, York, Pa.