# The B. F. Goodrich Rubber Co. v. Shaffer, Etc.

*Job J. Conklin*, for plaintiff; *Arthur H. Hull*, for defendant.

Fox, J., December 2, 1932.—We have before us a motion for a new trial based upon the following reasons:

"1. The court erred in granting the defendant's motion for judgment for want of a reply.

"2. The court erred in ruling that a reply was necessary.

"3. The court erred in refusing to withdraw a juror and allow the plaintiff to file a reply."

The case was called for trial, and after the jury was sworn counsel for the defendant made the following motion:

"And now, April 11, 1932, in accordance with the provisions of section 17 of the Practice Act of 1915, as amended by the Act of April 22, 1929, P. L. 627, defendant moves for judgment against the plaintiff for want of a reply to the whole of the set-off and counterclaim."

After quite a lengthy discussion by counsel for plaintiff and defendant, the former made a motion that a juror be withdrawn, the case continued, and that the plaintiff be permitted to file a reply to the set-off and counterclaim alleged to be contained in the affidavit of defense, which motion was overruled. It appearing that the whole of the balance of the plaintiff's claim had been exhausted by the set-off and counterclaim, the motion made by the defendant for judgment because of failure of the plaintiff to reply to the set-off and counterclaim as alleged in the affidavit of defense was allowed. Judgment was rendered by the court in favor of the defendant, the latter to pay the costs. It was agreed by counsel for both sides that after the suit was commenced the defendant had paid to the plaintiff the sum of $3,752.90, the amount admitted to be due by the defendant in the affidavit of defense. The whole of the balance of the plaintiff's claim as disclosed by the statement is $6,354.57.

By the action of the court the defendant was discharged from the payment of the difference between the total amount of the claim and the amount admitted to be due by the defendant, or $2,601.67.

An examination of the pleadings discloses that in the affidavit of defense the defendant failed to follow section 2 of the Act of April 22, 1929, P. L. 627, amending, among others, section 14 of the Practice Act of 1915, in that he did not first answer the averments of the statement of claim and then set out the

set-off and counterclaim under the heading of "set-off and counterclaim". He did by endorsement on the back of the affidavit of defense have the following:

"Affidavit of defense with set-off and counterclaim.

"To the within-named plaintiff: You are required to file a reply to the within set-off and counterclaim, within 15 days from the service hereof."

Service of the same was accepted on June 7, 1929, by the attorney for the plaintiff. No reply was made by the plaintiff to the same nor was any motion made to strike off the set-off and counterclaim, and it was for these failures that the judgment was rendered by the court.

The plaintiff's statement consists of 13 paragraphs, the pertinent one for us in this consideration being paragraph 8, which is as follows: "8. That the plaintiff is entitled to a large number of credits also set forth in exhibit '5'." (The word "plaintiff" was obviously a mistake, it having been intended to mean the defendant.) Paragraph 9 of the statement is as follows: "9. That the statement marked exhibit '5' contains all of the credits to which the defendant is entitled."

The affidavit of defense consists of 50 paragraphs; 1 to 13, inclusive, it is admitted by the defendant, are in answer to the plaintiff's claim and admit that there was due from the defendant to the plaintiff the sum of $3,752.90, which was subsequently paid; and paragraphs 14 to 50, inclusive, set up the set-off and counterclaim, amounting to $2,601.67, for which amount the court entered judgment for the defendant.

Upon a careful study of the plaintiff's statement and the affidavit of defense, we conclude that paragraphs 14 to 40 of the affidavit of defense do not set up a set-off or counterclaim but are in answer or defense to the plaintiff's statement of claim, particularly to paragraphs 8 and 9 thereof; and that paragraphs 40 to 50 do set up a counterclaim amounting to $1,358.63. The court therefore erred in rendering the judgment in favor of the defendant, which in effect amounted to the sum of $2,601.67 instead of $1,358.63.

Section 2 of the Act of 1929, supra, amending section 14 of the Practice Act of 1915, provides, inter alia:

"When a defendant relies upon a set-off, counter-claim, or new matter, he must first answer the averments of the statement of claim, and then set out his set-off, counter-claim, or new matter, under the heading 'Set-off', 'Counter-claim', or 'New Matter', as the case may be."

Section 3 of the same act, amending section 15 of the Practice Act, provides, inter alia:

"In such cases the affidavit of defense shall be indorsed as follows:

" 'To the within plaintiff—

" 'You are required to file a reply to the within set-off (or counter-claim, or new matter, as the case may be) within fifteen days from the service hereof.' "

The statute provides notice in two forms. Both are important and must be followed so as "to secure uniformity and regularity with respect to the notice necessary to place the defendant in default in case of his failure to present his defense": Dick v. Forshey, 71 Pa. Superior Ct. 439, 441. Both are vital. Without them or either of them a judgment for defendant could not be sustained on the face of the pleading.

We do not now agree with the contention of the defendant that by reason of the failure of the plaintiff to make a reply to the set-off or counterclaim the plaintiff has waived the defect in the defendant's pleading and that the latter is entitled to judgment. We are aware of the doctrine of waiver as to formal defects in pleading, but we regard the defect in the affidavit of defense as to set-off and counterclaim as more than formal; it is substantial and vital.

In the case of Irwin et al. v. Weikel, 282 Pa. 259, the Supreme Court said, at page 262:

"The true rule would seem to be that formal defects in a plaintiff's statement are waived, while substantial defects therein are not, by ignoring the provisions of the statute above referred to and filing an affidavit of defense to the merits."

In 21 R. C. L. 617, it is said:

"All defects of a formal nature, and generally all defects of a nature not affecting the vitality of a pleading . . . are waived unless brought to the attention of the trial court by demurrer, where that is the course prescribed". See also 49 C. J. 831-840, secs. 1229-1238.

In the case of Dick v. Forshey, supra, which relates to the notice given by the defendant of the pleading, the court, speaking of the Practice Act, said, at page 441:

"The purpose of the legislature in enacting the tenth section of the statute was manifestly to secure uniformity and regularity with respect to the notice necessary to place the defendant in default in case of his failure to present his defense. It takes the place of rules of court and prior legislation on the subject and puts in exact form the notice to which the defendant is entitled. But for this prescription of form such a variety of terms would probably be used as would lead to litigation on the question of sufficiency and would subject litigants to vexation and the courts to the consideration of unnecessary and unprofitable controversy. It is to be presumed that in selecting the very words of the endorsement importance was attached to them according to their signification and that they were used advisedly."

In the case of Security T. & T. Co. et al. v. Welsh and Brown, 104 Pa. Superior Ct. 502, the court said, at pages 504 and 505:

"Prior to the Act of March 30, 1925, P. L. 84, the plaintiff was not required to reply to 'new matter' pleaded in the affidavit of defense, and conversely such new matter pleaded in the affidavit was not taken to be admitted because of the plaintiff's failure to reply to it. The Act of April 22, 1929, P. L. 627, treated the subject at greater length, and after providing that the 'defendant may set up in his affidavit of defense, as new matter, any averments which are not contained in the statement of claim and do not merely deny averments thereof,' it proceeds to put such 'new matter' in the same class with 'set off' and 'counterclaim', as respects the necessity for a separate heading, notice to the plaintiff, plaintiff's reply to it, and its effect unless sufficiently denied by plaintiff, and the offering of any defense by the defendant not set forth in it, etc.; but it was not intended thereby to revive the rigid requirements of special pleading and visit the defendant with fatal consequences if he happened to call his affirmative defense 'new matter' instead of 'set off.' The important thing is that the plaintiff have notice of it so that he can admit or deny it and thus save the requirement of proof or insist upon its being proved, and this he can do just as well whether it be headed 'new matter' or 'set off.' "

In the case of Fritz v. Hathaway, 135 Pa. 274, the court, through Mr. Justice Mitchell, said, at page 280:

"It is said that these objections were not made in the court below, and therefore should not be heard here. But the specifications of error raise the question of the sufficiency of the statement; and, as there are no pleadings on a rule for judgment, there is nothing in the record before us to show whether the particular objections now insisted on were urged in the court below or not. But, even if in fact they were not, it would make no difference, because a judgment for want of a sufficient affidavit of defence is, in effect, a judgment on demurrer, and, like all such judgments, must be self-sustaining on the face of the record."

The same principle is repeated in the case of Parry v. First National Bank of Lansford, 270 Pa. 556, and at page 559 it is said (after repeating what was said in the case of Fritz v. Hathaway, supra) :

"To entitle one to judgment for want of a sufficient affidavit of defense, his statement of claim must aver, in clear and concise terms, all facts essential to support the judgment asked; plaintiff's declaration must be such that 'judgment may be taken and liquidated upon the data which it furnishes' ".

We find no judicial decision nor are we pointed to any in our courts relating to the point now under consideration.

The language of the Act of 1929, supra, is imperative. It is that the defendant must first answer all the averments in the statement of claim and then set out his counterclaim, set-off, or new matter under the respective headings. The defendant failed to comply with this requirement and, upon a motion for judgment for want of a sufficient affidavit of defense or for want of a reply, a judgment rendered in either case would have been a judgment on demurrer but would not have been self-sustaining on the face of the record.

The Practice Act, sec. 21, as amended by the Act of May 23, 1923, P. L. 325, provides:

"The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct: Provided, That such motion to strike from the record any such pleading shall be filed, and a copy thereof served upon the party filing such pleading, or his attorney, within fifteen days after a copy of such pleading shall have been served upon the opposite party or his attorney."

The plaintiff should have availed himself of this provision but his failure so to do did not waive the defect, which was a vital one, being a violation of the mandatory provision of the Act of 1929, supra.

We are of the opinion that the failure of the defendant to obey the said mandate of the law affected the vitality of his pleading. He missed the important thing, viz., to give the proper notice to the plaintiff, *which is necessary to place the plaintiff in default.*

Section 5 of the Act of 1929, supra, amending section 17 of the Practice Act, provides, inter alia: "The court may enter judgment in favor of the plaintiff, or the defendant, for such amount as shall be found due, with leave to proceed for the balance, or such other judgment as justice may require." The last words of the section beginning with the word "or" are an amendment to the Practice Act and are important.

In the case of Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206, 208, the court said, in speaking of the Practice Act:

" 'The question to be decided under section 20 of the act . . . is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial; but whether, upon the facts averred, it shows, as a "question of law," that plaintiff is not entitled to recover [at all, and if doubt exists upon this point it] . . . should be resolved against entering summary judgment, the power so to do being intended only for clear cases' ".

We have here the case of one pleader, the defendant, who, having failed properly to observe the pertinent act of assembly, is asking for judgment against the other pleader, for the reason that the latter failed to comply with the same section of the same act. Having failed to observe the technicalities imposed on him, he is insisting that they be imposed on the plaintiff. It is not justice to permit one who has been in default to take advantage of his adversary who is subsequently in similar default, when it may be that the default of the former was

the reason for the default of the latter. A judgment to that effect is shocking to justice.

It would have been better practice for the defendant to have made his motion for judgment at an early date so that the matter could have been fully examined and disposed of before the trial, when it was impractical to make such an examination of their pleadings as is required.

The failure on the part of the defendant to observe the proper pleading, viz., in blending his defense with his claim of set-off and counterclaim, has led to confusion and, inasmuch as a new trial must be granted, we are of the opinion that justice will best be meted out by permitting the defendant, so as to comply with the law, to amend his affidavit of defense, and the plaintiff may then move to strike off or reply thereto within 15 days after service of such amendment.

Wherefore we are of the opinion that we erred in granting the defendant's motion for judgment for want of a reply, and in refusing to withdraw a juror and continue the case, and conclude that the judgment rendered should be opened and a new trial granted.

And now, December 2, 1932, upon due consideration, the judgment rendered by the court is hereby opened and a new trial is awarded. Leave is given to the defendant to amend his affidavit of defense within 15 days from the date hereof, with leave to the plaintiff to move to strike off the whole or any part of the amended affidavit of defense or reply thereto within 15 days after the service thereof upon it or its attorney.

From Homer L. Kreider, Harrisburg, Pa.